NEW HAVEN COUNTY, AUGUST TERM, A. D. 1789.

HALL v. HALL.

It is the duty of an officer, to release the body of a debtor, taken upon execution, where sufficient property is tendered before commitment to prison.

ACTION of trespass, assault, and false imprisonment. Plea not guilty. Issue to the jury.

The jury found a special verdict as follows, (viz.) That on the 12th of June, A. D. 1788, the defendant was constable of Wallingford, and as such had in his hands a lawful writ of execution in favor of James Gordon of Plainfield, against the plaintiff, for the sum of £13 12s. 2d. lawful money, dated 23d of April, A. D. 1788, returnable in sixty days: That on said 12th of June, the defendant applied to the plaintiff, and made demand of money and estate to satisfy said execution, and none being shown to him, he levied upon the body of the plaintiff; and on the 13th of same June committed him to gaol: The jury further found that immediately after said execution was levied as aforesaid, the plaintiff then and there in said Wallingford, offered and tendered to the defendant, sufficient personal estate to satisfy said execution, and his fees, of his own property; and the defendant refused to receive or to take said estate and release the body of the plaintiff.

The jury then raised the question of law about which they doubted, viz.— If the law be so upon the facts aforesaid, that the defendant ought to have taken the estate tendered to him as aforesaid, and released his body, then they find the defendant guilty, and £15 damages for the plaintiff: But if the law be otherwise, then they find that the defendant is not guilty.

The court are of opinion — That the law is so upon the facts aforesaid that the defendant ought to have received said estate tendered, and released the body of the plaintiff; and gave judgment for the plaintiff to recover £15 damages and cost.

And by the COURT—

By the statute, entitled, an act concerning arrests and imprisonment, it is enacted, "That no man's person shall be arrested and imprisoned for any debt, damage, or fine, where sufficient means of satisfaction can otherwise lawfully be found from his estate, to be shown and presented by him; but if no such satisfaction can be found, his person may be arrested and imprisoned."

By this law, no man's person shall be arrested or imprisoned, for any debt, etc. if sufficient means of satisfaction can otherwise be lawfully found from his estate, either by the debtor's showing it, or by the officer, without the debtor's showing it: This construction is evident from what follows; but, if no such satisfaction can be found, his person may be arrested and imprisoned. And this statute which was made in favor of personal liberty, is to be construed liberally.

By the statute, directing and regulating the levying and serving executions, it is enacted, "That the sheriff or officer, to whom an execution is directed, shall repair to the place of the debtor's usual abode, if within his precincts, and there make demand of the debt, or sum due on such execution, with necessary charges, etc. And upon refusal or neglect of payment of the same, the officer shall levy the execution upon any of the personal or movable estate of the debtor; except necessary apparel, bedding, etc. etc. and upon such goods also, if they shall be presented by the debtor."

Here it is plain that on failure of payment, the officer is required to levy upon any of the personal estate of the debtor, whether shown or not by the debtor, except certain necessary articles for upholding life; upon which he may not levy, unless they shall be presented by the debtor.

If the officer doth not know the estate of the debtor, and hath no means of finding it, and the debtor will not show it, nor the creditor point it out; he must in that case take the body if to be found, if not, may return the execution, *non est*.

In the fourth paragraph of the same statute, it is further enacted, "That, in case movable or personal estate of the

debtor, sufficient to satisfy the debt, and charges, cannot be found, and the creditor shall not agree to accept the debtor's lands, the officer shall levy the execution on the debtor's body, and him commit to the common gaol," etc.

This clears every doubt and difficulty that might possibly arise, in the construction of the other parts of the law. Further, the form of the execution is in the words of this statute. The officer is commanded of the money, goods, and chattels of the debtor, to cause to be levied, and the same being disposed of as the law directs, paid and satisfied unto the creditor the sums aforesaid, etc. and for want of money, goods or chattels of the debtor, to be by him shown unto you, or, found within your precincts, for satisfying the aforesaid sums, you are hereby commanded to take the body of the debtor and him commit unto the keeper of the gaol, etc.

Thus neither the law, nor the execution, will warrant or justify an officer in taking the body of a debtor where the means of satisfaction can be otherwise lawfully found from his estate — whether he present and tender it or not — but clear it is, where sufficient estate is tendered by the debtor, his body cannot be taken.

The facts in this case as found by the verdict are — That on the 12th of June, the defendant applied to the plaintiff, and made demand of money and estate to satisfy said execution, etc. and none being shown to him, he levied upon the body of the plaintiff; and on the 13th of the same June committed him to gaol; that immediately after said execution was levied as aforesaid, the plaintiff then and there in said Wallingford, offered and tendered to the defendant sufficient personal estate to satisfy said execution, and his fees; his own property; and the defendant refused to receive or take said estate and release the body of the plaintiff, etc.

Now the question of law made, is — Whether, the officer having levied the execution upon the body of the debtor, for want of estate shown by him, must, at all events commit him

to gaol: It is clearly the opinion of this court, that in certain cases, he must not, and that it would be false imprisonment in him to do it.

As first — where after the levy upon the body the debtor tenders all the money; whether he was possessed of it at the time of the demand and levy, or acquired it after, is immaterial. Secondly, where the debtor offers and tenders sufficient personal estate of his own property, to satisfy the execution and charges; for there can be no difference, in the view of reason or of law, between a man's tendering money or sufficient personal estate, to an officer upon an execution; where the officer has a certain method pointed out in the law, to turn it into money. In both cases the liberty of the citizen is saved; which is a primary object in the consideration of the law; the officer is completely indemnified; and the creditor hath all that security and means of satisfaction, which the law gives in any case. That the property was the debtor's, and sufficient to satisfy the execution, are facts found by the verdict, and cannot be questioned. There is not a single reason in favor of excusing the body, and taking estate, before a levy, that don't operate with equal force, for releasing the body, for estate after a levy upon it; nor is there a single objection, but what lies equally against the one as the other; for if the officer might have taken the body, but doth not, and takes estate he will be liable to the creditor, as much in one case as the other, for the estate may prove deficient, or the title not be the debtor's: or in case the money is paid, it may be counterfeit; the law knew that these things might happen, but did not suppose them good reasons for imprisoning the body at all events; and is peremptory that it shall not be imprisoned, if sufficient means of satisfaction may otherwise be had from the estate, viz. judging and acting reasonably. The officer may be rash and hasty in levying on the body, and the debtor may instantly tender property to ten times the amount of the debt, about the title of which there can be no question; or the debtor

may be poor and not have estate to tender, when levied upon, but some friend may sell him property, about which there can be no doubt, as to the title or sufficiency; and he tenders it — Is the debtor in such cases to be dragged to prison? And is there no redemption for a debtor's body, when once levied upon?

The court are of opinion — That personal property, tendered, which the officer has a sure way to turn into money, is equally available to release the body, as paying the money; for if estate is taken, and it proves to be insufficient to pay the debt, the officer may levy for the residue, on further estate; and in want of it, may take the body: the case is precisely the same, where the body is taken, and released for estate; for the release of the body in the latter case, will not be considered an escape but a release by order of law.

## HALL v. HALL.

THIS judgment was reversed by the Supreme Court of Errors in May, A. D. 1790, for the following reasons, viz. after stating the facts found by the special verdict.

The only question in law made by the council on the special verdict, is — Was the officer holden and obliged to release the body of the debtor, on his tendering and offering estate sufficient to satisfy the execution.

By the COURT unanimously. The officer's duty is clearly pointed out in his precept or execution, agreeable to law, and he is to execute the same humanely and give it a reasonable construction. He is to search for property whereon to levy, at the proper place, viz. the debtor's place of abode; and also to make demand, and if none is found by search, or shown to him by the debtor upon demand, he is to levy on the body of the debtor, and him hold until the money is paid, or the debtor released by order of law. Before the levy on the body, the debtor is to have his election, either to pay the money, tender estate sufficient, or deliver his person to the officer; if he neglects or refuses, and the officer makes the levy on the body, he

is answerable for the body of his prisoner; and not obliged to release it, unless the debtor pays the money. Otherwise it would be in the power of the debtor to play with the officer, by tendering him property, the title to which was doubtful, the value uncertain, and thereby distress and perplex the officer and lead him into suits at law, while the officer was liable to the creditor, and could not relevy on the body. It may be prudent and safe for an officer to release the body and accept chattels, and he has his election; but it is at the risk of the officer to accept of anything but the money in lieu of the body.

It is the opinion of the court upon the facts found, that the law is with the plaintiff in error.