## Leavenworth *v.* Baldwin.

In the Court below,

DAVID BALDWIN, jun. *Plaintiff ;* WILLIAM LEAVENWORTH
and ISAAC BENHAM, *Defendants.*

THIS was an action of trespass *vi et armis*, for taking several articles of personal property.

The defendants pleaded, severally, *Not guilty.* The jury found a verdict against *Leavenworth*, and in favour of *Benham*.

On the trial, it was admitted by the parties, that part of the property specified in the declaration, was taken by *Benham*, as constable, by virtue of an execution in favour of *Leavenworth*, by *Leavenworth's* direction. For the purpose of shewing, that the levy on that property was illegal, the plaintiff offered to prove by parol, that *Benham*, by the direction of *Leavenworth*, had, some time before, levied the execution on some real estate of the plaintiff, consisting of a small tract of land, with a dwelling-house, and cooper's shop standing thereon ; that it was *Leavenworth's* election to take said real estate ; that in the absence of the plaintiff, he procured appraisers to be legally appointed and sworn ; that those appraisers went upon the land, and appraised the house by itself, the cooper's shop by itself, and the land by the acre, to the amount of the execution, and costs ; that

An execution creditor having levied upon a piece of land, with a house and shop standing thereon, caused the same to be appraised ; but being dissatisfied with the price affixed to the shop, directed the officer to proceed no further with the property taken, and to levy upon personal property ; which the officer accordingly did, and sold the same at the post, to the amount of the price of the shop. The creditor then resorted again to the real estate ; procured from the appraisers a certificate of the sum at which they had appraised the land and house ; and then caused the whole of the land, with the house and shop standing thereon, to be set off to him, without any mention being made of the shop.—Held, that parol evidence of these proceedings was relevant and proper to support an action of trespass, in favour of the debtor against the creditor, for taking the personal property.

they made known their appraisal to the defendants ; that *Leavenworth* then objected to the price of the shop, and for that cause alone directed *Benham* to proceed no further ; that no certificate was, at that time, made of the price of the real estate ; that *Benham* then, by the direction of *Leavenworth*, levied the execution on the personal property of the plaintiff, and sold it at the post, to the amount of the price of the shop ; that *Benham*, afterwards, by the direction of *Leavenworth*, called on the appraisers again, and, without making any new levy, procured a certificate from them of the appraisal which they had formerly made of the house and land, omitting in the description, to mention the cooper's shop ; and that he then proceeded to set off the whole of the land, with the house and shop standing thereon, without making any exception of the shop.

The counsel for the plaintiff contended, that this evidence would shew the levy on the personal estate to be illegal, for two reasons : First, that the creditor, after making his election to take real estate to satisfy his debt, and having procured such estate to be appraised to the amount of his claim, and after that appraisal has been published, and made known to him, is not to be permitted, because the appraisal is not according to his wishes, to desist from completing his title, and to resort to personal property to satisfy his debt. Secondly, that the execution was fully satisfied out of the real estate, by the return of the officer, which included the land, house, and shop.

To the admission of this evidence, the defendants, by their counsel, objected, contending that it was irrelevant and improper, for these reasons : First, the officer is bound to take personal property, if any is to be found belonging to the debtor, before he can touch real estate, personal property being the prior fund for the payment of debts. Secondly, the title to this real estate was not completed, nor had the title passed from the debtor to the creditor, previous to the levy on personal property ; and, at no time before the title

has passed, is the creditor or officer bound to proceed, but may take any other property of the debtor. Thirdly, the title to this real estate cannot be tried in a suit for this personal property.

These objections were over-ruled, and the evidence admitted.

The case was brought before this Court on a bill of exceptions ; and the admission of the evidence therein stated assigned as error.

*Baldwin*, and *Smith*, (of New-Haven,) for the plaintiff in error.

1. The evidence omitted by the Court below, was not of the proper *kind* to prove the facts. The evidence was parol ; every fact, except the direction to the officer to desist, might be found in the officer's return, on the records of the court. Written evidence existed, and no reason was shewn for not producing it. The return ought to speak for itself.

2. The facts proved were *irrelevant* to the issue. The action was for illegally taking personal property ; and the taking being admitted, the only question was whether it was taken *illegally*. We contend, that neither the transactions regarding the real estate *before* the taking, nor those which took place *afterwards*, nor the *whole together*, conduced to shew, that the taking was illegal.

First, as to what took place before the personal property was levied upon. Real estate had been levied upon, and appraised ; but it had not been set off ; the officer had made no return ; and no title had passed from the debtor to the creditor. The execution was altogether unsatisfied. Could it avail an execution debtor, where the execution had been levied, but not satisfied, to plead to a *scire-facias*, or an

1806.

LEAVEN-
WORTH
*v.*
BALDWIN.

action on the judgment, that the execution had been levied? The statute (*a*) expressly provides, that the execution, with the officer's return, shall be recorded, before the creditor shall acquire a title; and it has been decided, (*b*) that if one creditor levies on land, and a second creditor, even with knowledge of this, afterwards levies on the same land, and gets his execution returned and recorded first; the second creditor shall hold, notwithstanding the priority of the first creditor's levy. As then no title is acquired by the levy and appraisal, why may they not be relinquished? It has been decided, that the body may be released, and personal property taken. (*c*) The Court say, it may be prudent and safe for the officer to do so. Analogy requires the same decision with regard to real estate. Nay, it is the *duty* of the officer to take personal property, if discovered, before satisfaction is otherwise obtained. Personal property is made, by statute, (*d*) the prior fund.

Secondly, as to the proceedings after the personal property was taken. The charge is, that the creditor caused his title to the real estate to be perfected, and obtained the shop for nothing. What then? This is an action of trespass for taking personal property. That property was lawfully taken at the time. How, then, can a subsequent fraud, or mistake, relating to a different subject, render it illegal? If the plaintiff has suffered an injury with respect to his shop, let him seek for redress in an action adapted to his case. Too much real estate may have been set off; but that was not the question in issue in this case.

But, should it be contended, in the third place, that the setting off will relate back to the original levy; that the execution is to be considered as satisfied from that time; and that the levy of that execution, after being satisfied, on other

(*a*) *Stat.* 175, *edit.* 1796.
(*b*) 1 *Root* 556, *Tapliff* v. *Davis.*
( ) 1 *Root* 125, *Hall* v. *Hall.*
(*d*) *Stat.* 174, *edit.* 1796.

property is a trespass : we would ask, how such relation is made out ? If it exists at all, it is by a legal fiction. But no fiction of law ever has the effect to make a legal transaction a trespass.

*Daggett*, and *Smith*, (of Woodbury,) for the defendant in error.

1. The evidence offered was not objected to, on the ground, that parol evidence could not be admitted to prove the return. No such question was made before the Court below. The objection went to proof of those things only, that existed *in pais*. Those facts, though they might not have been sufficient of themselves, were relevant and proper, to shew the connexion,—to make out the case.

2. We contend, that after a levy upon lands, and an appraisal, the officer cannot desist, and resort to personal property. By our practice, one execution is made to answer the several purposes of a *capias ad satisfaciendum*, of a *fieri facias*, and an *elegit*, in England. When the creditor has applied it to one of those purposes, it becomes analogous to an English execution adapted to the same purpose, and is to be proceeded with in the same manner, except where the statute has directed otherwise. But the English executions are all given upon the idea, that they are to be *pursued*. The motive, which the creditor, in this case, had to desist, and to resort to a different fund, was, that he was dissatisfied with the appraisal. Such a motive may exist in every case. And if a creditor may be allowed to abandon one levy and appraisal, he may a second, and a third, and so on indefinitely, until he gets an appraisal to suit him. The mischiefs of such a practice would be intolerable.

Much of the argument of the counsel opposed to us, is founded upon an unjust construction of the statute concerning executions. By that statute, it is provided, that real estate " shall be liable to be taken in execution, for satisfac-

1806.

LEAVEN-
WORTH
*v.*
BALDWIN.

" tion of the same, where the debtor, or his attorney, shall " not expose to view, and tender to the officer, personal " estate sufficient to answer the sum mentioned in the exe- " cution, with all charges." (*e*) What is it here, that renders it illegal to levy upon real estate? Exposing and tendering personal estate sufficient to satisfy the execution. But in this case, no personal estate was exposed or tendered. The officer, then, could not be *bound* to take it.

Trespass was the proper remedy. From the bill of exceptions, it appears, that when this action was commenced, the creditor had obtained satisfaction of his execution out of the land, house, and shop, and, besides that, a sum of money from the avails of the personal property. The real estate was that, which was first levied upon ; and the title to it was complete. *That* he could unquestionably hold. And it was under the original levy, that his title accrued. No subsequent levy, or appraisal, was made. The act of the officer, therefore, in turning aside, and taking personal property, was as much a trespass, as though the execution had been satisfied years before.

BY THE COURT, unanimously,

The judgment was affirmed.

(*e*) *Stat*. 174, 175, *edit*. 1796.