Parker, C. J.
The only question presented in this case is, whether the direction of the judge to the jury was right; that if the enlargement from prison was procured by the plaintiff for his accommodation, upon an agreement to return upon the event of his sureties’ choosing to surrender him, instead of paying the note they had given for him, and that, if he did voluntarily surrender himself, pursuant to that agreement, he was not entitled to relief under this process.
We are entirely satisfied that this direction was right, and that it is not shown to be otherwise by any of the authorities which have been cited by the plaintiff’s counsel. All those authorities tend to establish one principle, which we do not call in question, viz., that, when a judgment debtor has been taken in execution, and discharged by the creditor’s consent, he cannot be again taken upon that execution, or upon any other which may be issued upon that judgment; the arrest of the debtor upon execution, by order of the creditor, being considered even as a satisfaction at the common law.
The cases of fraud and of escape, however, are exceptions. So, we apprehend, is the case of a temporary or conditional liberation, under a promise to return if the terms are not complied with, and an actual return into custody in pursuance of such agreement; which is the rule that was stated by the judge in this case.
The authorities cited prove that the debtor cannot be taken again, even in such circumstances; but that the creditor must resort to his action for non-performance of such agreement. But if the agreement is voluntarily performed, the arrest is as at the beginning; the debtor having, by his own act and consent, restored things to the state they were in before his enlargement took place. In the case of Brown vs. Getchell & Al. (4) a bond given by a debtor, who had been arrested, and being afterwards * liberated, voluntarily returned to prison, was held good; because the imprisonment, as it respected him, was not unlawful, hé having consented to it.
The jury in the case at bar have not, by their verdict, settled the point of fraud which was committed to them; but if the plaintiff could now be relieved, the note having been returned, and the *382 plaintiff having procured his enlargement for the purpose of settling the debt, the most gross injustice would be done; and the creditors would, in point of fact, be cheated out of their judgment. But we think the case free from all doubt; and judgment must therefore be rendered on the verdict.

 11 Mass. Rep. 11.