HARVARD LAW LIBRARY

*Tolland,*
*July,*
*1822.*

Loomis
*v.*
Storrs.

LOOMIS *against* STORRS.

Where a creditor levied an execution on the body of his debtor, which he afterwards, at his own option, released; it was held, that the debt was thereby satisfied, and a subsequent levy of the execution on estate, was void.

But property, tendered by the debtor, immediately, or perhaps within a reasonable time, after the levy of an execution upon his body, the officer is bound to receive.

This was an action of ejectment, tried at *Tolland, April* term, 1822, before *Peters,* J.

On the trial, the plaintiff claimed title, by virtue of an execution, in his favour, against *William F. Storrs,* legally issued, and levied, in due form, on the demanded premises, as the property of such debtor. It was proved, by parol testimony, that the execution, before such levy, had been levied, by the officer, in whose hands it was, on the body of *Storrs ;* and such officer had, by order of the plaintiff, released his body. The judge thereupon charged the jury, that the levy on the land was void, on account of the previous levy thereof on the body of the debtor; and that the plaintiff, therefore, had no title. He directed them, of course, to find a verdict for the defendant; which they accordingly did; and the plaintiff moved for a new trial, for a misdirection.

*Stearns,* in support of the motion, contended, That a lawful execution, issued upon a valid judgment, is never *void ;* though it may be *voidable* for cause shewn, by *audita querela. Luddington* v. *Peck,* 2 *Conn. Rep.* 700. *Waterer* v. *Freeman,* Hob. 205. 266. 1 *Chitt. Plead.* 136. 187. *Jackson* d. *M'Crea* v. *Bartlett,* 8 *Johns. Rep.* 361. *Jackson* d. *Livingston* & al. v. *De Lancy,* 13 *Johns. Rep.* 537. 1 *Bac. Abr.* 310. (*Gwil.* ed.) 7 *Bac. Abr.* 458. (*Gwil.* ed.) But a levy on the body, and a release of it, by order of the creditor, will not, at least in this state, render a subsequent levy on property of an execution issuing on the same judgment, even *voidable.* If it would be voidable in *Great-Britain,* it by no means follows, that it would be so here. Executions there issue against body and property, *separately ;* and the creditor can have but one, and must *elect* which he will have; and he is bound to pursue the execution he elects. 2 *Bac. Abr.* 710. 717. (*Gwil.* ed.) Our execution issues against body, land and goods; and, of course, the party is not obliged to *elect,*

as he is in *England*.   But if he can be said to elect *as to the mode of service* of an execution, there must be proof that he *has elected*, to conclude him.   *Lyman* v. *Lyman & al.* 11 *Mass. Rep.* 317.

It has been the uniform opinion in this state, that the body may be released, and property taken ; and the *practice* has been conformable to it.   *Gilbert* v. *Rider, Kirb.* 180. *Hall* v. *Hall*, 1 *Root* 124.  2 *Swift's Syst.* 284.  1 *Swift's Dig.* 797. There can be no reasonable objection to this mode of proceeding.   It is for the accommodation of the debtor; and it may be for the benefit of the creditor.   Third persons, surely, ought not to complain.

*Goddard*, contra, insisted, That the taking of the body in execution, and a subsequent discharge, by order of the creditor, operated as a satisfaction of the debt.   He referred to the case of the *New-London Bank* v. *Wheat*, decided at *New-London*, by three judges.   The cases relied upon, by the plaintiff's counsel, he remarked, related only to the mode in which an irregular levy shall be set aside.

HOSMER, Ch. J.   It is necessary for the plaintiff to establish the principle, that a creditor, having levied an execution on the body of his debtor, may, at his own option, discharge the body, and relevy on estate.   In support of such principle, the law affords no countenance.   From the 28 of *Car.* II. it has been well established, if the body of a debtor has been taken in execution, and he is discharged from custody, by the direction of the creditor, that the judgment is satisfied.   2 *Bac. Abr.* 719. (*Gwil.* ed.) *Basset* v. *Salter*, 2 *Mod. Rep.* 136, *Vigers* v. *Aldrich*, 4 *Burr.* 2482.  *Jacques* v. *Withy*, 1 *Term Rep.* 557.  *Clark* v. *Clement & al.* 6 *Term Rep.* 525.  *Tanner* v. *Hague*, 7 *Term Rep.* 420.  *Blackburn* v. *Stupart*, 2 *East* 243. The cases proceed on the ground, that the plaintiff has received a satisfaction in law, by having his debtor once in custody on execution.   This principle must be received with a qualification arising from the form of our execution ; that is, that property *tendered by the debtor*, immediately after the levy of the execution upon the body, or perhaps within a reasonable time afterwards, the officer is bound to receive. *Hall* v. *Hall*, 1 *Root* 120.  *Allen* v. *Gleason*, 4 *Day* 376.

That the creditor may cause his execution to be levied on the body of his debtor, and at his pleasure, relinquish the

*Tolland, July, 1822.*

*Holton v. Button.*

*Tolland,*
*July,*
*1822.*

*Loomis*
*v.*
*Storrs.*

levy, and commence a new levy on property, has the countenance of no adjudged case, and would be pregnant with the most manifest inconvenience. If one levy may thus be abandoned, why may not a second or a third, until the mischiefs of such a practice would become intolerable? And if this doctrine be correct, the judgment is not satisfied, by the first levy, but on the relinquishment of the body, an action of debt may be sustained. In *Leavenworth* v. *Baldwin,* 2 *Day* 317. after the levy of an execution on real estate, which was appraised, but not set off, the taking of the body of the debtor, by the same execution, was adjudged to be a trespass.

The cases cited by the plaintiff have no bearing on the point of controversy. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700. merely establishes this proposition; that trespass will not lie for an act done under process, valid on the face of it, and regularly issued, by a court of competent jurisdiction. The question in that case, related to the validity of the process; in this, the process is admitted to have been valid, but the judgment was satisfied, by the arrest of the debtor's body.

The plaintiff, by the levy of his execution on the defendant's land, acquired no title; and, of consequence, the judgment below was correct.

The other Judges were of the same opinion.

New trial not to be granted.