*Litchfield,*
June, 1 831.

Terrell
*v.*
Smith.

---

## TERRELL *against* SMITH.

Though the discharge out of custody, by direction of the creditor, of a debtor taken on execution, is a technical satisfaction of the debt, so that the creditor, having voluntarily relinquished the process, which the law had given him to enforce payment of that debt, shall not be allowed another, by which the debtor may be unreasonably harassed ; yet such a discharge is not payment or an actual satisfaction of the debt, and does not affect the liability of a guarantor.

Especially is this true, where the discharge was effected at the request and with the consent of the guarantor.

Therefore, where the maker of a promissory note not negotiable, having been taken on an execution obtained in a suit on such note, was discharged out of custody, by direction of the creditor, at the request and by the consent of the guarantor of such note; in a suit by the creditor against the guarantor, it was held, that such discharge out of custody was no defence to the action.

In an action on the guaranty of a promissory note not negotiable, to which the defence was, that the maker of such note had been taken on execution for the same debt, and discharged out of cus-

tody; it was held, that the maker was an incompetent witness for the defendant.

THIS was an action of *assumpsit,* brought on the guaranty of a promissory note, made by *Garry H. Wheeler,* dated *October* 31st, 1827, payable to *Hiram Terrell,* the plaintiff, sixty days after date. The guaranty was thus stated in the declaration: " To secure the payment of said note to the plaintiff, the defendant, by his indorsement thereon, under his hand, and by him delivered to the plaintiff, dated on said 31st of *October* 1827, promised the plaintiff, for value received, that the said note should be good and collectable for ninety days from the said date." The declaration then averred, that at the date of said note, during said ninety days, and at all times afterwards, said *Wheeler* was wholly destitute of property ; that he failed to pay any part of the note ; that the plaintiff immediately commenced a suit against him on the note, by attaching his body, and having obtained judgment and execution against him, had the execution levied on his person ; and that while on his way to prison, he was discharged out of custody, by the advice and with the consent of the defendant.

The cause was tried at *Litchfield, August* term, 1830, before *Bissell,* J.

On the trial, the defendant offered *Wheeler* as a witness, to prove, that when the attachment was served, and also when the execution was levied, the plaintiff might have secured and collected his debt, by the use of due diligence. The plaintiff objected to the competency of *Wheeler,* on the ground that he would be liable over to the defendant, should a recovery in this action be had against him. The court sustained the objection, and rejected the witness.

The defendant then requested the court to instruct the jury, that if they should find, that *Wheeler* was discharged from the custody of the officer, by the plaintiff, although they should also find, that he was so discharged, by the advice and with the consent of the defendant, the plaintiff was not entitled to recover. But the court instructed the jury, that if they should find, that *Wheeler* was so discharged, at the request and with the consent of the defendant, and should also find the other facts stated in the plaintiff's declaration to be true, they ought to return a verdict for the plaintiff.

The plaintiff had a verdict ; and the defendant moved for a new trial.

*Litchfield,*
June, 1831.

Terrell
*v.*
Smith.

*L. Church* and *Seymour*, in support of the motion, contended, 1. That where a debtor is discharged from custody on execution, by the creditor, the debt, as between the debtor and creditor, is completely annihilated.  *Loomis* v. *Storrs,* 4 *Conn. Rep.* 440. *Jaques* v. *Withy,* 1 *Term Rep.* 557. *Nigers* v. *Aldrich,* 4 *Burr.* 2482.  *Blackburn* v. *Stupart,* 2 *East* 243.  *Yates* v. *Van Rensselaer,* 5 *Johns. Rep.* 364.

2. That such a discharge of the debtor from custody *generally* discharges the surety.   There is but one debt.   If that is extinguished, the liability of the surety ceases of course.  *McFurden* v. *Parker* & al. 4 *Dall.* 275.  *Clark* v. *Clement* & al. 6 *Term Rep.* 525.  If the holder of a bill makes the acceptor his executor, thereby extinguishing the claim, according to the *English* rule, he, by the same act, discharges the indorsers. *Chitt. Bills,* 345.

3. That the advice and consent of the defendant to the discharge from custody, makes no difference in the case.  If a debt is satisfied, it makes no difference that the surety requested satisfaction to be made.  It is a novel principle, that if a man requests a thing to be done, he cannot avail himself of the legal consequences of the doing of that thing.

4. That if the debt was not extinguished, by the discharge out of custody, *Wheeler* was a competent witness for the defendant ; inasmuch as he was liable at all events to pay the debt ; and it was a matter of indifference with him whether he paid it directly to the plaintiff, or indemnified the defendant after he had paid it.

*Benedict* and *T. Smith,* contra, contended, 1. That the charge to the jury was correct.   The discharge, in the present case, was made at the request and with the consent of the defendant, and in fact for his benefit, that he might not be subjected, under his guaranty, to the useless expense of a commitment.   Admitting that the discharge of the debtor is a satisfaction of the judgment upon the note, on the principle of *Loomis* v. *Storrs,* still it cannot operate as a satisfaction of the guaranty.   The technical satisfaction resulting from a levy on the body and discharge out of custody, operates only as between the parties immediately concerned, and has not the least effect on collateral liabilities, whether *ex contractu* or *ex delicto.*  *Clarke* & al. v. *Devlin,* 3 *Bos. & Pull.* 363.  *Hayling* v. *Mullhall,* 2 *Bla. Rep.* 1235.  *Macdonald* v. *Bovington,* 4

*4 Term Rep.* 825. *Tooker* v. *Bennett* & al. *3 Caines* 4. *Sheldon* v. *Kibbe,* 3 *Conn. Rep.* 214. 221. It is indeed a general principle, that any indulgence, by a creditor to his debtor, cannot operate to discharge collateral liabilities, in case such indulgence was given at the request, or even with the assent or acquiesence of the collateral party. *Clarke* & al. v. *Devlin* before cited. 3 *Esp. Rep.* 51 *in notis.*

2. That *Wheeler* was an incompetent witness. If the plaintiff's judgment against him was not satisfied, by the levy on his body and discharge out of custody, and the defendant should be subjected in this action, *Wheeler* would be bound to indemnify him and to pay not only the amount of the judgment, but the costs of this suit. The difference of a bill of costs, is sufficient to destroy a balance of interest. *Barnwell,* v. *Mitchell,* 3 *Conn. Rep.* 101. *Townsend* v. *Downing,* 14 *East* 565. But if the discharge was a satisfaction of the judgment, his interest would be much enhanced ; for he would be, notwithstanding, liable to indemnify the defendant, but not liable again to be taken in execution upon the judgment in favour of the plaintiff ; and therefore, he would be interested to the amount of the judgment and costs in this suit.

BISSELL, J. As to the first ground of a new trial, it has been contended, that the discharge of *Wheeler* on the execution, is, in law, a satisfaction of the debt ; and the principal being discharged, the surety is, of course, discharged. It would be somewhat extraordinary, if it were to be held, that an act done by the advice of the defendant and for his benefit, were to have the effect of discharging him from his liability ; and that contrary to the apparent intention of both parties. For, it ought to be remarked, that the object of committing *Wheeler* to prison, was, to fix beyond a question the liability of the defendant ; and if *Wheeler* was unable to pay the debt, the defendant would have been liable for the costs of commitment. He had an interest, therefore, in *Wheeler's* discharge from the arrest, knowing that he was a bankrupt, and wholly unable to pay the debt. Now, it may be admitted, that the discharge of a debtor taken on execution, is, in law, a satisfaction of the debt. Still it were a perversion of the principle established by the cases, to say, that such a discharge is *payment,* or an *actual satisfaction.* The cases proceed on the ground, that the creditor, having voluntarily relinquished the process, which the law

had given him to enforce payment of his demand, shall not be allowed another, by which the debtor may be unreasonably harassed. *Loomis* v. *Storrs*, 4 *Conn. Rep.* 440. As between the debtor and creditor, therefore, the discharge is a technical satisfaction of the debt. But is it any satisfaction of the guaranty? The terms of the guaranty are, that the note shall be paid ; and nothing short of actual payment, or some act or neglect of the creditor, by which the guarantor is prejudiced, will discharge the liability. This is the principle established by all the cases. Here there is no pretence of payment. And there surely can be no ground for the defendant to say, that he was prejudiced, by the act done ; for the jury have found, that it was done by his request. There is neither principle nor honesty in this defence ; and to suffer it to prevail, would be a reproach to the law.

The next and only remaining question in the case, regards the competency of *Wheeler* as a witness. It has been said, that he stood indifferent as between the parties ; that he was liable either to pay the debt to the plaintiff, or to pay it to *Smith*, in the event of his being subjected ; and that it was wholly indifferent to him whether he paid the one or the other ; and so his interest was balanced. But it is evident, that if the discharge of *Wheeler* on the execution operated as a satisfaction as between him and the creditor, he was directly interested to the full amount of the demand : For there can be no pretence for saying, that he would not be liable over to *Smith* in the event of his being subjected. He was, therefore, swearing to discharge himself from liability ; and stood on the same ground as a principal swearing to discharge his bail. But if this were not so, still *Wheeler* would not be indifferent. This is the case of a note not negotiable ; and the maker is, in such case, bound, on his implied undertaking, to save the guarantor harmless. He would, therefore, be liable for the costs in this action. This destroys the balance of interest, and renders the witness incompetent.

I would not advise to the granting of a new trial.

The other Judges were of the same opinion, except PETERS, J., who was absent when the case was decided.

New trial not to be granted.