## CHARLES R. DOANE *vs.* WILLIAM S. BARTLETT.

If a debtor who has been arrested on an execution is allowed by the magistrate before whom he is carried, with the consent of the creditor, to go at large from day to day during his examination, and is present at the time and place to which it is adjourned, and waits, in readiness to be further examined, and to take the oath, a reasonable time, and until he is informed by the magistrate that the oath will be administered to him, and the creditor does not appear, this is a full performance by the debtor of his duty;

and the magistrate, although he does not in fact administer the oath to him, has thereafter no jurisdiction to subject him to further examination, nor has the creditor power to re-arrest him.

HABEAS CORPUS. The petitioner was confined in jail by the respondent, who was the deputy jailer, by virtue of an execution against him, and also by virtue of a mittimus issued by a commissioner of insolvency for an alleged contempt, in refusing to sign his examination as a poor debtor, under the circumstances stated in the opinion. At the hearing in the superior court, the petitioner was discharged by *Russell*, J., and the judgment creditors alleged exceptions.

*E. Pearson*, for the judgment creditors.

*J. M. Way*, for the petitioner.

BIGELOW, C. J. We do not deem it necessary to determine whether this case is properly before us on these exceptions, because we are of opinion that on other grounds they cannot be sustained.

Assuming that the course pursued before the commissioner in insolvency on the petitioner's first arrest, in allowing him to go at large from day to day during his examination, with the consent of the creditors, was a valid substitute for the recognizance which the debtor in such case might be required to give, and that under this arrangement the rights and obligations of the creditors and debtor remained the same as if the proceedings had been conducted in precise conformity to the requisitions of the statute — an assumption most favorable to the creditors — the only question open in this case is, whether the second arrest of the petitioner on the execution, and his subsequent commitment to jail, were authorized by law ? It seems to us very clear that they were not. All that could be required of the debtor, under the arrangement into which the parties entered, was, that he should be present at the time and place appointed for the continuance of the examination, and abide the order of the magistrate. This would have fulfilled the condition of a recognizance, if one had been given, and it was equally a full compliance with the stipulation by which he was permitted to go free during the progress of the examination. The facts show

that the debtor fully performed his agreement in this respect. He was present at the hour and place to which the proceedings had been adjourned, and there waited a reasonable time, until he was told by the commissioner that his further attendance was unnecessary, and that the oath for the relief of poor debtors would be administered to him, unless some further arrangement for the continuance of the examination was made between the counsel of the respective parties. None such was made. On the contrary, all the subsequent proceedings were conducted against the objections of the debtor, and under protest. Under these circumstances, it is clear that the debtor made no default. It is equally clear that the examination of the debtor was at an end. The failure of the creditors to appear at the hour and place of adjournment, to continue it, terminated the proceedings. Nothing further remained to be done, except that the commissioner should adjudicate on the question, whether the debtor was entitled to take the oath for the relief of poor debtors. Beyond this he had no authority or jurisdiction. He did so adjudicate. He determined to administer the oath to the petitioner, unless by consent the proceedings were to be further continued. As no such consent was given, it is clear that the duty of the commissioner was to administer the oath in pursuance of the decision which he had publicly announced. That he did not do so was no fault of the debtor.

It follows that all the subsequent proceedings were irregular and void. The debtor was not bound to submit to any further examination, nor was he obliged to affix his signature to the answers which he had given under protest, and which the commissioner, without legal authority, had required him to make. All that could have been legally required of 'him was, to take the oath prescribed for the relief of poor debtors. This he did not refuse to do. His commitment to jail was therefore unauthorized. He was not liable to be imprisoned on the execution, because he had been fully examined, and the commissioner had decided that he was entitled to be discharged from arrest on taking the oath. He was not liable to be committed for contempt, because the commissioner exceeded his authority, and

had no right to pass the order for non-compliance with which the petitioner was imprisoned.

This view of the case proceeds on the ground that the arrangement which was entered into between the parties, by which the debtor was permitted to go at large during his examination, was a valid substitute for a recognizance, and that the rights of the creditors, the obligations of the debtor and the jurisdiction of the commissioner remained the same as if the proceedings had been conducted strictly in accordance with the provisions of the statute. But if such is not the case, it does not change the result. If the creditors could give no valid assent, by which the debtor could be allowed to go at large, and his arrest on the execution be still regarded as continued during the examination, with like effect as when a recognizance is entered into by the debtor, then such assent was equivalent to a discharge of the debtor from arrest by the creditors. If so, then the debtor could not be again arrested on the same execution. *Little* v. *Newburyport Bank*, 14 Mass. 443. It follows that the second arrest was illegal, and all subsequent proceedings, including the commitment for contempt, were unauthorized and void.

In any view, therefore, which can be taken of the case, the petitioner is entitled to his discharge. *Exceptions overruled.*