STEPHEN OSGOOD *vs.* NATHAN R. MILLER.

Franklin.   Decided September 13, 1877.

*Promissory notes.*

The consent of the surety to the release of the principal prevents such release operating as a discharge of the surety.

ON REPORT.

ASSUMPSIT on a note of the following tenor: "Wilton, April 28, 1868. For value received, I promise to pay Stephen Osgood or order nine hundred dollars on demand and interest. (Signed) James C. Miller. Surety, N. R. Miller, John Miller. (Indorsements) July 4, 1871. Rec'd thirty dollars on the within note. May 1, 1873, Rec'd on the within two hundred and sixty-three 50-100 dollars.

Annexed to a copy of the note was an agreement of the following tenor, introduced by the plaintiff.

"The undersigned, sureties of the note of which the above is a copy, and on which thirty dollars was paid and indorsed July 4th, 1871, hereby agree with said Stephen Osgood that he may release the principal maker of said note, James C. Miller, without prejudice to the rights to either party in interest to said note. Wilton, April 26, 1873. (Signed) Nathan R. Miller, John Miller."

Stephen Osgood testified, subject to objection, as follows:

"I am the plaintiff in this action, and the owner of this note. I erased the name of James C. Miller, April 26th, 1873, after the writing which is attached to the note was executed. I was advised by the committee to arrange the matter in this manner. I understood Miller contemplated going into bankruptcy. Miller, the principal on the note, paid me $263.50. I did not intend by erasing the signature of the principal in the note, to discharge the sureties; but I did intend to discharge the principal. I did not intend to prejudice the rights of any of the parties to the note except to discharge him. John Miller was present. Nathan Miller was about there, but can't say as he knew about it. James C. Miller's creditors contemplated to put him into bankruptcy, and in consequence of that I made the arrangement above stated."

Cross examined. Nothing was paid at the time I struck the name of James C. Miller off the note; but the $263.50 above referred to were afterwards paid in pursuance of the agreement of James C. Miller made at the time.

The following receipt was then introduced by consent, viz: "Wilton, Maine, May 1st, 1873. Received of James C. Miller, by the hand of Gilbert Miller, two hundred and sixty-three and 50-100 dollars, in full of all demands and accounts of every kind whatsoever to this date. (Signed) Stephen Osgood. Attest, R. Fenderson."

*S. Belcher*, for plaintiff.

*C. J. Talbot & H. L. Whitcomb*, for the defendant.

APPLETON, C. J. This is an action against one of the sureties on a note on which one James C. Miller was principal. The principal being insolvent and about to take advantage of the bankrupt law, the defendant agreed with the plaintiff in writing that he might "release the principal maker of the note, James C. Miller, without prejudice to the rights of either party in interest to said note."

In pursuance of this arrangement the principal on the note paid the sum of $263.50 which was indorsed on the note, and the plaintiff released the principal by drawing a line over his name. This was done in good faith by him, simply to discharge the principal, but with no design to prejudice the rights of the sureties.

The sureties now claim that they are discharged from all liability; but we think not. What was done was by their consent and probably for their benefit, inasmuch as the principal did not take advantage of the bankrupt law, and paid a sum which he probably would not, had he become a bankrupt.

A surety is not discharged by a contract, made with his assent, between the creditor and the principal debtor, although it may operate to extend the time of payment. *Wright* v. *Storrs,* 6 Bosw. 600, 601. In *Ex parte Harvey ; In Re Blakely,* 27 Eng. L. & Eq. 272, Turner, L. J., says: "It is not disputed that a surety, who concurs in· an arrangement between the principal and the debtor, is not discharged by such arrangement." This assent of the surety may be shown by parol. *Wyke* v. *Rogers,* 12 Eng. L. & Eq. 162. The surety is not discharged by the execution by the creditor of a composition deed with his consent. *Cowper* v. *Smith,* 4 M. & W. 519. The consent of the surety to the discharge of the debtor prevents such discharge operating to release the surety. DeColyar on Guarantees, 403. A surety by deed guaranteed the payment of a banking current account and agreed that no composition with the principal debtor should discharge his liability. The principal debtor entered into a deed of composition with his creditors, which contained an absolute release of his debts. Held, that the surety was not discharged by the release of the principal debtor. *Union Bank of Manchester* v. *Beech,* 8 H. & N. 672.

The alteration of the note by striking off the name of the principal was done in good faith and intended to be and was in conformity with the agreement signed by the defendant. The sureties agreed in writing to the discharge of the principal and no other mode being mentioned the erasure of his name from the note was not an improper mode of doing it. An alteration of a bond without any fraudulent intent will not, it seems, avoid such bond. *Adams* v. *Frye,* 3 Met. 103 ; nor when made merely to correct a mistake. *Ames* v. *Colburn,* 11 Gray. 390.

*Judgment for plaintiff.*

WALTON, BARROWS, VIRGIN, PETERS and LIBBEY, JJ., concurred.