ISRAEL GOLDIS *vs.* BERNARD F. GATELY.

Middlesex.  -March 2, 1897. — May 19, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Arrest — Execution — Officer.*

An arrest is valid which is made upon an execution that has been returned into court unsatisfied and its return entered upon the docket, and which is then redelivered before the return day by the clerk of the court to the officer, upon request, without an application to or an order of the court, a certificate authorizing such arrest having been granted subsequently after due proceedings.

TORT, for assault and battery and false imprisonment. The defendant, a constable, justified under an execution by virtue of which he arrested the plaintiff. At the trial in the Superior Court, before *Blodgett,* J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. H. Bent,* for the plaintiff.

*J. H. Carmichael,* for the defendant.

ALLEN, J.  An execution, dated July 18, 1895, issued by the police court of Lowell, and returnable within sixty days, and running against the body of the plaintiff in the usual form, was, on July 24, 1895, returned by the officer into court in no part satisfied ; indorsements to that effect being made upon it by the officer, and by the attorney of the judgment creditor. The clerk of the court thereupon minuted upon the back of the execution the fact of the filing of the same, and entered upon the docket record of the case " Execution returned." On July 31, the officer or the attorney applied to the clerk, who thereupon redelivered the execution to him. No application was made to the court, nor

was any order made by the court, that the execution should be so redelivered. But application was thereupon made to the court for a certificate authorizing the arrest of the defendant therein, on the ground that he had goods and estate which he did not intend to apply to the payment of the judgment creditor's claim. This application was accompanied by an affidavit made before the court, " in behalf of the judgment creditor named in the annexed execution," to the above effect. The court thereupon issued notice to the defendant therein to appear and submit to examination as provided by law. This notice referred in terms to the original execution, dated July 18, 1895, and was made returnable on August 6. On that day the judgment debtor did not appear, and the judge of the police court granted a certificate setting forth that, " after due hearing, the said court is satisfied there is reasonable cause to believe that the charges contained in the foregoing affidavit are true," and that the above mentioned notice had been issued, and that the judgment debtor had not appeared. The said notices were thereupon attached to the execution, and upon said execution on the following day the officer, Gately, who is the defendant in the present case, arrested the body of the judgment debtor, viz. the present plaintiff; and for this arrest the present action was brought. In all these proceedings no application was made to the court to annul or in any way to modify the effect of the filing of the execution and indorsements thereon by the constable, the attorney, and the clerk, or of the entry " Execution returned " upon the docket record, nor was the attention of the judge called to these facts by either party, nor does it appear that he made any adjudication thereupon, unless the same can be inferred from his issuing the two certificates above referred to. The only question presented to us is, whether the officer is to be protected for acting under the execution reissued under these circumstances.

It is quite clear that, after an execution has been served by an actual arrest of the body of the defendant therein, it cannot ordinarily be used further for the purpose of a new arrest or of seizing property. *Doane* v. *Bartlett*, 4 Allen, 74. *Doane* v. *Baker*, 6 Allen, 260. *Coburn* v. *Palmer*, 10 Cush. 273. *Kennedy* v. *Duncklee*, 1 Gray, 65. *Nowell* v. *Waitt*, 121 Mass. 554. *Loomis* v. *Storrs*, 4 Conn. 440. Under special circumstances,

however, a rearrest was held valid, in *Little* v. *Newburyport Bank*, 14 Mass. 443.

In the present case, no service whatever of the execution had been made; it had simply been put into the officer's hands, and by him returned without service, several weeks before the return day. In taking further proceedings, it was simply a question whether the same execution should be reissued, or an alias execution taken out. The judgment creditor was entitled to an execution upon which his debtor could be arrested; and if he did not get it by a reissue of the existing execution, the return day of which was still quite remote, he was entitled to an alias. We find no statute which in terms or by any clear implication shows which is the proper course to pursue; and we have reason to think that the practice in different parts of the Commonwealth has not been uniform. Indeed, it is probable that few such cases have arisen, because usually, in case property cannot be found, and it is desired to arrest the body, proceedings for the arrest would be taken without returning the execution into court. But we see no strong objection to using the same execution for that purpose after it has been so returned without service. In *Roberts* v. *Church*, 17 Conn. 142, it was said to be an immemorial practice for the clerk to renew an execution by erasing the original date and inserting a new one. In *James* v. *Gurley*, 48 N. Y. 163, an officer after returning *nulla bona* upon an execution, procured the same from the clerk's office, with the consent of the plaintiff's attorney and of the clerk, and erased the return, and seized and sold property thereon. It was held that the execution was irregular, but not void, and that the officer could not refuse to answer for the money collected; and it was said that the court, upon application of the officer, could have authorized its withdrawal, and the cancellation of the return and filing, and that it would then have been a valid and regular process in his hands. This case depended somewhat on the statutes of the State. In *Pennington* v. *Yell*, 11 Ark. 212, it was held that, after a return of the first execution before the return day, there was no irregularity in issuing it again before the return day.

In the present case, it is quite probable that the judge of the police court examined the execution and saw for himself the officer's return thereon, and that he understood exactly what he

was doing. Certainly there is no evidence and no presumption to the contrary. The affidavit which was made before the court in behalf of the judgment creditor referred in terms to the annexed execution, and it is probable that the execution was before the judge's eyes, though it would seem that the affidavit had not at that time been actually annexed. If necessary to make the reissue of the execution valid, it should now be assumed that the judge directly sanctioned that course of proceedings, on the ground that where things are done in the course of judicial administration which presuppose that certain other things have been done, there is a presumption in favor of the regularity of the proceedings.

But even if it were made conclusively to appear that the return upon the execution escaped the attention of the court, no harm was done by the reissue. Due proceedings were had with a view to an arrest, and authority to make such arrest was given. We are much inclined to think that the course pursued was free from valid objection ; but all that we need decide is, that the officer was not bound to look beyond his precept, and might assume that all proper steps had been taken to make it valid. *Tellefsen* v. *Fee, ante,* 188.          *Exceptions overruled.*