THE BRIDGEPORT-CITY TRUST COMPANY *vs.* MARCUS HIRSCH.

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, Js.

Argued February 5th—decided April 3d, 1935.

*William H. Comley*, for the appellant (defendant).

*David S. Day* and *Norman King Parsells*, for the appellee (plaintiff).

MALTBIE, C. J. The facts decisive of this case, as they appear from the finding, corrected in certain minor respects, are as follows: On August 28th, 1931, the plaintiff owned certain real estate in Bridgeport and on that day conveyed it to Abraham D. Slavitt. Thereupon Slavitt executed and delivered to the plaintiff a note, payable in instalments, and to secure it a mortgage upon the property. This note bore upon its face a guaranty of payment executed by the defendant. Upon the same day the property was mortgaged to Gittel Berman. Thereafter Slavitt conveyed the property to Main Bowling Alleys, Incorporated. Default

having been made in the payment of the interest and instalments due upon the note, an officer of the plaintiff brought the matter to the attention of the defendant, asking him what he wanted done about it, and the defendant told him to bring a foreclosure action and he would take title to the property. Thereupon such an action was brought returnable the first Tuesday of March, 1933, Slavitt, Berman and the corporation being made defendants. Slavitt informed the attorney for the plaintiff that he intended to disclose a defense which, if allowed, would prolong the time for consummating the foreclosure, but he expressed a willingness, if he were dropped as a defendant, to consent to an early redemption day. Plaintiff's attorney thereupon told the defendant of the position taken by Slavitt and the defendant authorized him to drop Slavitt as a party defendant. An agreement was then made with Slavitt that he should be dropped as a party and that May 1st, 1933, might be set as the redemption day for the corporation and the next day for Berman. This agreement was approved by them and on March 31st, 1933, judgment of foreclosure was entered accordingly. On May 2d, 1933, the plaintiff made a motion for a modification of the judgment by extending the time set for redemption and for an order citing in Slavitt and Hirsch as defendants. As a result of this and subsequent motions, the judgment of foreclosure was opened, the plaintiff amended its complaint to make Slavitt and the defendant parties to the action, they were cited in, and the action now stands upon the docket of the court undisposed of. The present action was brought by the plaintiff to recover the full amount due upon the note from the defendant as guarantor.

Section 5080 of the General Statutes provides that "The foreclosure of a mortgage shall be a bar to any further action upon the mortgage debt, note or obliga-

tion, unless the person or persons who are liable for the payment thereof are made parties to such foreclosure." The defendant claims that the agreement between Slavitt and the attorney for the plaintiff that he be dropped as a party, followed by such action and the entry of the judgment, released Slavitt, under the terms of the statute, from further obligation to pay the note, and hence released the liability of the defendant upon his guaranty that it would be paid. Whether this would be so or not, had the defendant not participated in the transaction as he did, we have no occasion to determine. Where the obligor upon a note to secure payment of which a mortgage is given is not made a party to an action to foreclose the mortgage, the effect is not to destroy the debt but to make it, or any balance of it not satisfied by the taking of the property on foreclosure, unenforceable against him; the failure to make him a party operates as does the lapse of time which, under the statutes of limitation, bars the remedy but does not destroy the debt. *Markham* v. *Smith,* 119 Conn. 355, 359, 176 Atl. 880. The analogy between such a situation as that before us and one where there has been an agreement between the parties directly affecting the liability of the principal debtor, is not to a release of the debt but to a covenant not to sue the debtor. The debt remains and the moral obligation still rests upon the debtor to pay it. As regards the guarantor, the primary obligation of the debtor has been changed from one enforceable in law to one dependent upon morals. Certainly if the guarantor consents to such a change he is not in a position to complain if the principal debtor fails to fulfil his obligation; and still less can he do so, if he has actively participated in the transaction which brings about that change. *Osgood* v. *Miller,* 67 Me. 174, 176; *Brown* v. *Abbott,* 110 Ill. 162, 165; *Frost* v. *Harbert,*

20 Idaho, 336, 344, 118 Pac. 1095; *Wright* v. *Storrs,* 6 Bosw. (N. Y.) 600, 611; *Lyman* v. *Babcock,* 40 Wis. 503, 510; *Ex parte Harvey,* 27 Eng. Law & Eq. 272, 280; *Woodcock* v. *Oxford & Worcester Ry. Co.,* 21 Eng. Law & Eq. 285, 289.

In *Terrell* v. *Smith,* 8 Conn. 426, we had before us a situation where the plaintiff had secured judgment upon a note payment of which was guaranteed by the defendant, and had caused the body of the debtor to be taken on execution but, on the way to prison, the debtor was discharged out of custody of the officer by the advice and with the consent of the defendant. We pointed out that, if the debtor had been unable to pay the debt, the defendant would have been put to the added expenses of his commitment and so had an interest in his discharge. We said (p. 429): "Now, it may be admitted, that the discharge of a debtor taken on execution, is, in law, a satisfaction of the debt. Still it were a perversion of the principle established by the cases, to say, that such a discharge is payment, or an actual satisfaction. The cases proceed on the ground, that the creditor, having voluntarily relinquished the process, which the law had given him to enforce payment of his demand, shall not be allowed another, by which the debtor may be unreasonably harassed. *Loomis* v. *Storrs,* 4 Conn. 440. As between the debtor and creditor, therefore, the discharge is a technical satisfaction of the debt. But is it any satisfaction of the guaranty? The terms of the guaranty are, that the note shall be paid; and nothing short of actual payment, or some act or neglect of the creditor, by which the guarantor is prejudiced, will discharge the liability. This is the principle established by all the cases. Here there is no pretence of payment. And there surely can be no ground for the defendant to say, that he was prejudiced, by the act done; for the jury have found,

that it was done by his request. There is neither principle nor honesty in this defence; and to suffer it to prevail, would be a reproach to the law." See also *Adams* v. *Way,* 32 Conn. 160, 172.

In the instant case, the defendant was consulted about the bringing of the foreclosure action, advised it and stated that he would take title to the property. When Slavitt, after stating that he had a claimed defense which would, if made, prolong the time for consummating the foreclosure, expressed his willingness to consent to an early day of redemption if he were dropped as a party, again the defendant was consulted and he authorized the dropping of Slavitt, which was done and only about a month was then allowed for redemption. The inevitable inference is that the defendant deemed it to be to his interest to have a short period of redemption so that he could acquire title at as early a day as was possible. This action falls fully within the authority of the cases we have cited and the facts we have stated establish the liability of the defendant. None of the other errors claimed could affect this result.

There is no error.

In this opinion the other judges concurred.