Trespass will not lie for an act done under a process, valid on the face of it, and regularly issued by a court of competent jurisdiction. For an abuse of lawful process, *scienter et malitiose*, an action on the case is the proper remedy.

An *alias* execution, issued, after the original one had been paid, but returned unindorsed, on a judgment not appearing from the record to be satisfied, reversed or set aside, is a valid execution; and the debtor, if aggrieved, can obtain redress only by *audita querela*, or by an action on the case for a wrongful and malicious use of the authority of law.

## LUDDINGTON *against* PECK.

THIS was an action of trespass *vi et armis*, for an assault and false imprisonment, tried at *New-Haven, August* term, 1818, before *Swift*, Ch. J., and *Brainard* and *Chapman*, Js.

On the trial, the plaintiff proved, that he had been imprisoned, by *Moses S. Beach*, a deputy sheriff, on an execution in favour of the defendant, against the plaintiff, issued on a judgment of the *New-Haven* county court; that the defendant delivered the execution, on which there were some partial endorsements, to the officer, after the term originally limited for its return, had expired, with directions to procure it to be renewed, and then to execute it; and that the officer accordingly procured it to be renewed, by the court which issued it, and executed it within its life. The defendant then proved the judgment in his favour, against the plaintiff, on which the execution was issued, which did not appear from the record to have been satisfied, reversed or set aside; and justified under the renewed execution, which was duly returned, and had never been set aside by the court. The plaintiff then offered parol testimony to prove, that the judgment had been fully paid to the defendant, previous to the renewal of the execution, by sundry articles of produce, agreed to be received thereon; to the admission of which the defendant objected. The court decided, that the testimony was inadmissible, and excluded it. After a verdict for the defendant, the plaintiff moved for a new trial, on the ground that this decision was erroneous; and the court reserved the motion.

*Staples* and *Hitchcock*, in support of the motion, contended, 1, That the defendant could not justify under an execution merely, but must prove a subsisting valid judgment of the court granting the execution: consequently, that evidence, shewing, that the judgment had been fully paid and satisfied, before the defendant sued out the execution in question, ought to have been received. *Bul. N. P.* 23. *Britton* v. *Cole*, 12 *Mod.* 175. S. C. 1 *Ld. Raym.* 305. *Barker*, admx. v. *Braham & al.*, 2 *W. Black.* 866. *Turnor* v. *Felgate, Raym.* 73. The *officer*, however, is justified, if he obey the precept. *Philips* v. *Biron & al.* 1 *Stra.* 509.

2. That *trespass* was the proper form of action. The party, who wrongfully sues out *final* process, is a trespasser. He abuses the process of the court, and cannot claim its protection. 1 *Chitt. Plead.* 184, 5. He is in the situation of one, who causes an arrest, by false information. *Stonehouse* v. *Elliott*, 6 *Term Rep.* 315.

*Baldwin* and *R. S. Baldwin*, contra, stated, 1. That *trespass* is not sustainable for an injury effected under regular process of court, whether *mesne* or *final* : 2. That an execution, until set aside, is a good justification in any form of action : and were proceeding to support these propositions, by authorities ; when they were stopped by the Court.

Swift, Ch. J. *Trespass* will not lie for an act done under a legal process, regularly issuing from a court of competent jurisdiction. *Case* only will lie ; and that on the ground of malice, and want of probable cause.

Trespass will lie only in cases where the process is irregular, and void upon the face of it. The question, then, in this case, is, whether the execution, by force of which the plaintiff was imprisoned, was regularly issued upon a valid judgment?

The judgment was properly rendered between the parties, and, on the face of the record, appeared to be unreversed and unsatisfied. The plaintiff offered to prove, that the judgment had been paid to the defendant, by sundry articles of produce, agreed to be received thereon : but this could be no satisfaction or discharge of the judgment. When the defendant produced the first execution, unindorsed and unsatisfied, the clerk of the court was bound to renew it, or grant an *alias.* He could not investigate the fact, whether it had been paid. The execution, then, was regularly issued, and was valid. A contrary doctrine would lead to serious inconveniences. It might be a litigated question between the parties, whether the execution was paid or not. The defendant could enforce his claim only by renewing the execution. If he should lie under a mistake with regard to the payment, he would be subjected as a trespasser for a mistaken exercise of a legal right. But the plaintiff had a complete remedy. If the judgment had been satisfied, after the rendering of it, he could have had relief by *audita querela,* and have recovered his costs ; but if this action is sustained, a party never need

to have recourse to an *audita querela* ; he may bring his action of trespass, and not only avoid the judgment, but subject the party to pay damages for attempting to enforce it, in a lawful manner.

If the defendant, knowing the judgment to be satisfied, had obtained a renewal of the execution, the plaintiff might have brought his action *on the case ;* and the question of science and malice would have been put in issue. But if this action can be sustained, the defendant might be subjected to pay damage, when he acted without malice, under a mistake, and really supposing he had a legal right. On the same principle, every plaintiff would be liable to be sued, if he brought an action, and failed to recover.

GOULD, J. There is no such distinction as has been claimed, at the bar, between the effect of an arrest, on mesne and on final process. Where process, of either kind, is void, the execution of it is illegal, and the party procuring it to be executed, is, regularly, liable in trespass. But where the *gravamen* is the abuse, or wrongful use, of *lawful* process, (and all process not strictly void, is lawful and valid, till set aside by due course of law,) the only remedy in damages, for the party injured, is trespass *on the case.*

Now, the process, in the case before the court, was, clearly, not void. Process, issued by a court, having jurisdiction of the subject matter of the suit, is never void, unless there is an *irregularity,* either in the process itself, or in the mode of issuing it. But in the present case, there is no pretence of any want of jurisdiction, or authority in the court, from which the execution issued ; it is regular upon the face of it ; and was sued out according to the established course of practice. It is clear, then, that the process was *lawful,* to every intent ; and there was nothing illegal, in the mode of executing it. But the regular execution of lawful process, cannot, in the nature of the thing, be a *trespass.* Whenever there is a cause of action, in such a case, it is founded upon the wrongful and malicious use of the authority of law.— *Malice* is of the *gist* of the action ; and must be expressly alleged, and proved. And this consideration, alone, is decisive, that *trespass* will not lie. For if it would, there would certainly be no need of averring, or proving, malice.

The plaintiff's right of action, if he has one, is of precisely the same nature, as if he had been arrested, on *mesne* process, in an action of debt, on the original judgment, recovered against him, or upon any other claim, which had, before, been satisfied, or upon pretence of a demand, which never existed ; in each of which cases, it is agreed, that trespass *on the case* would be his only remedy.

The case of *Turnor* v. *Felgate, Raym.* 73. 2 *Sid.* 125., and others, of the same class, where the process in question was irregular, and had been set aside, before action brought, are all inapplicable. But the case of *Waterer* v. *Freeman, Hob.* 205. 266., in which the ground of complaint was of exactly the same general nature, as the present, is, *by consequence*, decisive of the question. In that case, the defendant, who had obtained a regular execution against the plaintiff, and on which the plaintiff's goods, to the full amount of the recovery, had been seized, took out a second execution, and levied the money, out of other goods of the plaintiff, while those first seized, remained in the hands of the sheriff. The action was *case*. The declaration specially alleged malice, (*i. e.* science, in the defendant, of the seizure under the first execution, and an " intent to vex and double-charge" the plaintiff ;) and this was holden to be indispensable.— Chief Justice *Hobart*, in delivering the opinion of the court, went into a full exposition of the principles, upon which the right of recovery was founded ; and the action was *sustained*. Now, the only difference between the *gravamen* in that case, and in this, is, that in the former, the wrong, complained of, was done to the *property*, whereas, in the present, it was to the *person*, of the plaintiff. But, this difference is, very obviously, immaterial. If, then, the determination in that case was correct ; (and no one, I presume, has ever doubted it ;) it follows necessarily, that the plaintiff cannot recover in this. For if *case* was the proper remedy, in the one ; it is impossible, that *trespass* can lie, in the other.

The other Judges were of the same opinion.

New trial not to be granted.