*Litchfield,*
*June,*
*1821.*

Foquet
*v.*
Hoadley.

---

## SWIFT *against* CHAMBERLAIN.

Where an elector, on the day of electors' meeting, having voted, retired to a house in the neighbourhood, while the proper officers were counting the votes ; it was held, that such elector was, at that time, attending on the business of the election, and was, therefore, exempted from arrest, within the constitution of this state, *art.* 6. *sect.* 8.

The mere silence of an elector, at the time of his arrest, is not a waiver of his privilege.

The elective franchise is not merely a public, but a personal benefit, the privation of which, maliciously, is an actionable injury.

But for a violation of an elector's privilege, though maliciously, under lawful and regular process, an action of *trespass* will not lie; the proper remedy being an action on the case.

*June* 21.

THIS was an action of trespass *vi et armis*, tried at *Litchfield, August* term, 1820, before *Brainard*, J.

The defendant admitted, that he had taken the plaintiff's body, and committed him to prison, but justified under a regular writ of attachment, which, as an officer, he then held against the plaintiff. The plaintiff claimed, that he was, at that time, an elector, which was known to the defendant ; and that the writ was served on him, on the day appointed by law

*Litchfield,*
*June,*
*1821.*

Swift
*v.*
Chamberlain.

for the meeting of electors for the choice of state officers, while he was attending, as an elector, at such meeting : that after he had given in his votes, and after all the votes of the other electors were given in, he retired to a public house in the neighbourhood, while the proper officers were counting the votes, where, during that time, he was arrested. He, therefore, claimed, that by virtue of the 8th section of the 6th article of the constitution of this state, the arrest was illegal. The defendant claimed, that the plaintiff, at the time of the arrest, was not attending the meeting as an elector; that he then waived his privilege of protection, if any he had, as he did not expressly claim it ; and that if he had any cause of action, his proper remedy was an action on the case. The judge instructed the jury, that if they should find, that, at the time of the arrest, the plaintiff was in the exercise of his franchise as an elector, and did not waive his privilege of protection, the present action was sustainable, and they must return a verdict for the plaintiff : But if they should find, that the plaintiff, at the time of the arrest, was not in the exercise of such franchise ; or that he waived his privilege of protection ; they must return a verdict for the defendant. The judge further remarked, that the protection of an elector from arrest being a right secured by the constitution, a waiver of it could not be inferred from mere silence ; and that such protection comprehended the time of reasonably going to, attending on, and returning from, electors' meeting.

The jury having given a verdict for the plaintiff, the defendant moved for a new trial, on the ground of a misdirection.

*P. Miner* and *J. W. Huntington,* in support of the motion, contended, 1. That there may be a waiver of a personal privilege, by *silence.* An officer is not bound, officially, to notice a right of privilege, or to grant it without a claim. It is to be stated, and insisted upon ; else it will be presumed to be waived. And the circumstance of its being a *constitutional* privilege, does not place it on any different ground from that on which a statute or common law privilege rests. *Geyer's* lessee v. *Irwin,* 4 *Dall.* 107.

2. That upon the facts disclosed, *no action* could be sustained against the defendant. First, because the arrest is a mere breach of privilege, for which the remedy is, and ought

to be, *by discharge* only. The object of the constitutional provision, is two-fold : for the benefit of the *public*, that the state may be organized in all its departments, and the rights of the whole community protected ; and for the benefit of the *elector*, to enable him to exercise his franchise. It is properly a privilege, for public and individual good united. If the privilege is invaded, by arresting the person of the elector, the remedy best adapted to effect this two-fold object, is by discharge. Secondly, because an officer, in the execution of legal process, ought not to be subjected to the loss of time and money in defending suits brought against him for invasions of privilege, nor to run the hazard of paying damages, upon proof made by the party suing. In any form of action, the responsibility of determining all the necessary facts to constitute the privilege, is thrown upon the officer ; and he has no means of determining it with certainty. According to the doctrine claimed by the plaintiff, the law places the officer in a situation, where he is compelled to judge, and yet is to judge at his peril ; if he forbears to arrest, he is liable to be sued by the creditor ; if he makes the arrest, he is sure of being harrassed by the debtor. This evil may be avoided, by requiring the elector to take advantage of his privilege, by way of motion, or application for discharge only. Thirdly, as the privilege is in derogation of common right, it ought not to be made a ground of recovering money, by way of damages, in a suit at law.

These positions are supported by decisions in *analogous* cases. First, as to a witness, whose privilege is given by the common law. In *Vandevald* v. *Lluellyn*, 1 *Keb.* 220. recognized by *De Grey*, Ch. J. in *Cameron* v. *Lightfoot*, 2 *Bla. Rep.* 1193. it was held, that a witness arrested, during his attendance, has no remedy but by *habeas corpus* to deliver him. See *Swift's Ev.* 108. *Com. Dig. tit.* Privilege. A. 1. Secondly, as to a party to a suit, who also has a common law privilege. In *Cameron* v. *Lightfoot*, 2 *Bla. Rep.* 1190. 1194. which was an action of trespass, *De Grey*, Ch. J. said, " In none of the books is there any intimation of *an action* being maintainable for such an arrest, but the question has always been merely the delivery of the party ; process still continuing legal, and capable of being executed at a subsequent time, when privilege does not intervene." In *Brown* v. *Getchell* & al. 11 *Mass. Rep.* 11. it was decided, that the protection,

*Litchfield,*
*June,*
*1821.*

Swift
*v.*
Chamberlain

which the law affords to a party in a suit, is a personal privi-lege, of which he may avail himself, to *prevent* or *defeat* an arrest.    Thirdly, as to persons protected by 20 *Geo.* 3. *c.* 64. *s.* 2.    If arrested, their remedy is *by discharge only.    Tarlton* v. *Fisher, Doug.* 671.    Fourthly, as to certificated bankrupts. If arrested, their remedy, also, is *by discharge only.*    In *Tarl-ton* v. *Fisher, Doug.* 676.    *Buller,* J. says :    " In cases of bankrupts or insolvents, what is done ?    Hundreds have been arrested ;  but there never was an instance of *an action* against the sheriff or his officers, in such cases."    And in *Cameron* v. *Lightfoot,* 2 *Bla. Rep.* 1195.    *De Grey,* Ch. J., referring to the case of certificated bankrupts, says,  " that in none of the cases has an instance been produced of *an action* for  false im-prisonment being brought."    Fifthly, as to persons entitled to privilege of parliament.    Formerly, this privilege was taken advantage of, by writ of privilege or  plea ;  now,  *by motion. Pitt's* case, *Com. Rep.* 444. S. C. *Holiday* v. *Pitt,* 2 *Stra.* 985.    This may be taken advantage of, by  motion, because it is an irregular execution of legal process.    See 1 *Bla. Comm.* 166.    10 *Co.* 76. *b.*      6 *Co.* 52. *b.* 54. *a.*    *Cro. Jac.* 3.    Sixthly, as to foreign ambassadors and their servants. If arrested, they, also, are to be *discharged, on motion.    Com. Dig. tit.* Ambassador. B.    Seventhly, as to members of the general assembly.    In analogy to the *English* law, they, also, if arrested, are to be *discharged ;* but there is no  precedent of *an action.*

3. That if any  action can  be maintained, it cannnot be *trespass,* but must be *case,* for abuse of legal process ;  in which science and malice must be the *gravamen.*    The service of a regular process, according to forms  prescribed by law, upon a person, or upon estate, which, in itself, is the subject matter of service, can never lay the foundation of an action of tres-pass against the officer  making  such service, unless  by the provisions of constitutional or statute law, it is declared to be *void.*    First, because, if such action were sustainable,  the of-ficer would be  subjected for obeying  the order of the court. 15 *East,* 614. per *Grose,* J.    Secondly, because it would be collaterally impeaching the proceedings of the court ;  but if *case* is brought, where the *gravamen* is  malice and want of probable cause, the proceedings of the court are not impeach-ed.    The principle advanced under this head, is supported by all  the authorities.    *Waterer* v. *Freeman, Hob.* 205. 260.

*Parsons* v. *Lloyd,* 3 *Wils.* 341. 345. per *De Grey,* Ch. J. *Morgan* v. *Hughes,* 2 *Term Rep.* 225. 231. per *Ashhurst,* J. *Belk* v. *Broadbent* & ux. 3 *Term Rep.* 183. 185. per Lord *Kenyon.* *Nichols* v. *Thomas,* 4 *Mass. Rep.* 232. *Rogers* v. *Brewster,* 5 *Johns. Rep.* 125. *Patrick* v. *Johnson,* 3 *Lev.* 404. *Reynolds* v. *Corp,* 3 *Caines* 267. *Cooper* v. *Booth,* 3 *Esp. Rep.* 135. cited 1 *Term Rep.* 535. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700.

*Litchfield,*
June,
1821.

~~~~~

Swift
*v.*
Chamberlain.

</div>

If this action can be supported, it must be on the ground that the arrest was utterly *void.* But the process was every way regular ; it was served according to the forms of law ; the person was ordinarily a subject of arrest under such process ; and it is not declared, either by the constitution or by statute, to be void. It is nothing more than an abuse of legal process, for which *case* is the proper remedy.

*Boardman,* contra, contended, 1. That silence was not, of itself, a waiver of privilege. If it was not, then the fact of waiver was properly submitted to the jury ; and they have found that there was no waiver.

2. That an action at law is sustainable against the defendant. It is undoubtedly a general principle, that an officer having a warrant, issued by a proper magistrate, commanding him to do an act apparently lawful, is justified in the execution of it, if he do it upon a proper subject, at a proper time, in a proper place, and in a proper manner. But, on failure in either of these particulars, he is liable. First, upon an improper subject : as if upon process against *A.,* he take *B.* 2 *Selw. N. P.* 918. Secondly, at an improper time : as on *Sunday. Wilson* v. *Tucker,* 1 *Salk.* 78. *Taylor* v. *Freeman,* 2 *Selw. N. P.* 21. n. Thirdly, in an improper place : as out of the officer's bailiwick. *Tyler* v. *Johnson,* cited 2 *Bla. Rep.* 834. Fourthly, in an improper manner : as by breaking an outer door. *Lee* v. *Gansel, Cowp.* 1. 6. *Ratcliffe* v. *Burton,* 3 *Bos. & Pull.* 223. Or, neglecting to return his writ. *Com. Dig. tit.* Return. F. 1. Or, taking the body, when property is offered. *Hall* v. *Hall,* 1 *Root* 120.

Again, if the precept, though properly authenticated, command the officer to do an unlawful act ;—as to make an arrest out of his bailiwick, or by breaking an outer door, or on *Sunday,* or to confine the person arrested in an improper place ;—it is no justification. Nor is he excusable for ar-

*Litchfield,*
*June,*
*1821.*

Swift
*v.*
Chamberlain.

resting a person having an absolute personal exemption from arrest, and that general, and consequently presumed to be known.   Such an exemption every man has, by law, on *Sunday ;* and every elector has, by the constitution, at the time and place of election.

The right in question is not a mere *privilege,* which suppo-ses some *particular exception,* on account of some public du-ty, or some *particular private immunity ;* but a right, secured, by the constitution, to nearly all the citizens of the state.

But admitting the elector's right to stand on the footing of a privilege ; whenever the privilege is for the *personal bene-fit* of the claimant, and is *general* in its nature, an action will lie for the violation of that privilege.    Where the privilege is that of the *public,* or a mere *private exception,* the remedy is by discharge only.

The inadequacy of the remedy forms a ground of distinc-tion between those cases in which an action will lie, and those in which it will not.   Suppose a man is arrested just as he is about giving his vote ; who can discharge him ?   No one, until the time of voting, has gone by.   On this ground, what would the elector's right be worth ?   Can it be, that the constitutional guard has no higher sanction ?

3. That if any action will lie, *trespass* is the proper one. The act complained of, was an act of *force,* and the injury was *immediate.*   An officer, in making an arrest, is always a tres-passer, unless justified by his warrant.   The malice, that dic-tated the proceeding, does not affect the *form of action,* but goes only to the *damages.*   In almost all the cases before ci-ted, in which an action has been sustained against an officer, that action has been *trespass.*

HosMER, Ch. J.   Under the charge given to the jury, they must have found, that at the time of the arrest, the plaintiff was in the exercise of his franchise as an elector, and that he did not waive his privilege of protection.    From the facts stated in the motion my mind would be led to the same re-sult.   Retiring to a house in the neighbourhood, while the pro-per officers were counting the votes, the defendant, on a fair construction of the constitution, was attending on the business of the election ; and mere silence, on his part, was no waiv-er of his privilege.   *Cameron* v. *Lightfoot,* 2 *Bla. Rep.* 1190.

The jury were instructed, that if the plaintiff was in the exercise of his franchise, when arrested, and did not waive his protection, the action of trespass was sustainable ; but to this I cannot accede. I consider the elective franchise as a noble privilege ; and view it not merely as a public, but likewise as a personal benefit ; and the privation of it, maliciously, as vindicable by an action on the case. *King* v. *Coit,* 4 *Day* 129. *Ashby* v. *White,* 2 *Ld. Raym.* 938. *Sterling* v. *Turner,* 2 *Lev.* 50. *S. C.* 1 *Ventr.* 206. *Drewe* v. *Coulton,* 1 *East* 563. n. *Jenkins* & al. v. *Waldron,* 11 *Johns. Rep.* 114. But the arrest, made in pursuance of a legal judgment and execution, was valid ; and the injury, if any, resulted from the malice, which prompted the proceeding. The officer acted by lawful and regular process, commanding the arrest in question ; and if he was not under the influence of a bad motive, he is not responsible for his conduct to the plaintiff. The *quo animo* must be the gist of any action sustainable against the defendant ; and this enquiry is inadmissible to fix on him a trespass. 1 *Chitt. Plead.* 136. When the process of a court has been abused, trespass is the proper action, if the conduct of the officer was, in the first instance, illegal, and produced an immediate injury to the body ; as if the sheriff arrest out of his county ; or after the return day of the writ ; or break open an outer door ; or, by any act of his, after the arrest, become a trespasser *ab initio.* 1 *Chitt. Plead.* 185, 6. But no such abuse of process exists, in this case ; and the only ground of complaint, is, a violation of the plaintiff's privilege, for which no action of trespass has ever been sustained. 1 *Chitt. Plead.* 184. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700. *Tarlton* v. *Fisher, Doug.* 671. *Cameron* v. *Lightfoot,* 2 *Bla. Rep.* 1190.

It was the duty of the officer, in compliance with the execution, to make the arrest, unless he had knowledge that the plaintiff was under the protection of his privilege. The arrest, *per se,* was not only valid, but in every view proper, admitting only the above exception ; and, in many cases, to make enquiry into the various facts, which confer on an individual the privilege of protection, and to decide them at his peril, would place an officer in a situation of extreme difficulty. He cannot administer an oath, nor compel the attendance or testimony of witnesses ; and is without the means of coming to a satisfactory result. It ought always to devolve on the person arrested, with whom is the knowledge of the

Litchfield,
June,
1821.

Swift
v.
Chamberlain.

facts, to prove that he was under protection, and that this was known to the officer arresting him; and to do this, he must bring his action on the case, which is precisely adapted to such an enquiry.

The other judges were of the same opinion.

New trial to be granted.