WHIPPLE *against* FULLER:

IN ERROR.

An action on the case at common law, is sustainable for a vexatious civil suit, in which there was no arrest, or holding to bail.

An action on the statute to prevent vexatious suits, cannot be joined with an action on the case at common law for such a suit; the judgment, in one case, being for treble, and in the other for single damages.

And where there was such a misjoinder, and the defendant pleaded the general issue, and then suffered judgment by default; it was held, that the defect was not cured, by the plea and judgment.

THIS was an action brought by *Fuller* against *Whipple,* for a vexatious suit. The declaration comprised two counts.

In the first, the plaintiff alleged, that the defendant, not having any reasonable or probable cause of action, maliciously procured a writ of attachment against the plaintiff in an action on the case for slander, in which the defendant demanded of the plaintiff the sum of 3000 dollars for damages; that the defendant maliciously caused the plaintiff's property to be attached, by virtue of such writ of attachment; that the writ being returned, said suit, by legal removes and continuances, came to the superior court, holden at *Brooklyn,* on the fourth *Tuesday* of *January,* 1832, in which court the plaintiff in that action was non-suited, and the present plaintiff recovered costs; and that by means of the premises, the plaintiff was compelled to expend large sums of money in his defence against such suit, *viz.* 200 dollars in employing counsel to defend, 100 dollars in paying witnesses, and 100 dollars in making various journeys to procure testimony and in attending court; which sums exceed the costs recovered, 300 dollars. The declaration con-

Windham,
July, 1836.

Whipple
v.
Fuller.

cluded, by averring, that the aforesaid wrong doings of the defendant, were contrary to the form of the statute, entitled "An act to prevent vexatious suits;" and that by means of the premises, and by force of said statute, the defendant became liable to pay treble damages to the plaintiff.

The second count was in case at common law, containing allegations similar to those in the first count, and demanding 900 dollars damages.

The defendant pleaded the general issue; but afterwards suffered judgment by default, without moving to be heard in damages. The plaintiff remitted the damages to 300 dollars, and took judgment for that amount. The defendant thereupon brought a writ of error in the superior court; which was reserved for the advice of this court.

*Judson* and *Johnson*, for the plaintiff in error, contended, 1. That the first count was insufficient for want of appropriate allegations.

2. That the second count was insufficient; first, because no action at common law can be maintained for a vexatious suit, where there has been no arrest or holding to bail. 1 *Sw. Dig.* 492, 3. *Savil* v. *Roberts*, 1 *Salk.* 14. *Purton* v. *Honnor*, 1 *Bos. & Pull.* 205. Secondly, it is not alleged that the writ was signed. Thirdly, it is not alleged that the writ was served. *Jencks* v. *Phelps*, 4 *Conn. Rep.* 149. *Eastman* v. *Curtis*, 1 *Conn. Rep.* 323.

3. That there is a misjoinder of actions. Case cannot be joined with an action on the statute. 1 *Chitt. Pl.* 140. 150.

*Goddard* and *Dyer*, for the defendant in error.

CHURCH, J. The declaration in the case to be reviewed on this writ of error, contains two counts: One founded upon the statute of this state to prevent vexatious suits, in which the plaintiff demands, under that statute, to recover treble damages; and the other is a count at common law for the malicious prosecution of a vexatious and malicious civil action.

Several objections are urged, by the defendant, against the first count, which are of little importance, and of which we need not speak, any further than to say, that we do not recognise their validity. But the defendant in the court below, the

present plaintiff in error, supposing his objections to the sufficiency of the first count sustainable, next objects to the second count, and claims, that no action will lie at common law, to recover damages sustained in consequence of being maliciously sued and prosecuted in an unfounded civil action, unless the body of the defendant in such action, was arrested, or holden to bail ; neither of which was done in the vexatious suit complained of.  This objection requires consideration.  It certainly has received plausibility, if not direct countenance, from the remarks of some learned commentators, as well as from the decisions of courts.

Lord *Coke* says :  " And therefore, where it is said, that a man shall not be punished for suing of writs in the King's courts, be it of *right or wrong,* it is regularly true ; but it faileth in this special case of the writ of replevin."   *Co. Litt.* 161. *a.*  Mr. *Chitty,* in his learned notes to the commentaries of Sir *William Blackstone,* says :  " It seems, before the statutes entitling the defendant in civil actions to costs, if the suit terminated in his favour, he might support an action against the plaintiff, if the proceeding was malicious and without probable cause.   But since the *Stat.* 4 *Jac.* 1. *ch.* 3., which gives costs to a defendant in all actions, in case of a non-suit or verdict against the plaintiff, and other statutes giving costs to defendants in other stages of the cause, it seems that no action can be supported merely in respect of a civil suit maliciously instituted, except in some cases under particular legislative provisions."   3 *Bla. Com.* 126. (*Chitt.* ed.)   Judge *Swift,* in his *Digest, vol.* 1. *p.* 492., says :  " It is well settled, that at common law, no action will lie against one for bringing a civil suit, however malicious and unfounded, unless the body of the party is imprisoned, or holden to bail ; in all other cases, the costs the party recovers, are supposed to be an adequate compensation for the damage he sustains."   And in the case of *Purton* v. *Honnor,* 1 *Bos. & Pull.* 205., it was decided, that no action is sustainable for a vexatious ejectment. 7 *Petersd. Abr.* 5. 12 *Id.* 403.

It seems to be conceded, however, that where any thing is done maliciously, besides merely commencing and prosecuting the malicious or vexatious action, a suit for damages sustained by such act, may be maintained.   And therefore it is, that an action is sustainable for a malicious arrest, or a holding to bail

for too large a sum, and for maliciously suing out and levying a writ of *fieri facias.* 1 *Lev.* 275. 2 *Wils.* 305. *Austin* v. *Debnam,* 3 *Barn. & Cres.* 139. (10 *Serg. & Lowb.* 37.) 3 *Chitt. Bla.* 104. 12 *Petersd. Abr.* 399. Upon the same principle, an action may be maintained, where the property of a party has been maliciously attached upon mesne process, under all jurisdictions where such attachments are known. *Hob.* 205. 266. 1 *Ld. Raym.* 377. *Gyfford* v. *Woodgate,* 11 *East* 297. *Wells* v. *Noyes,* 12 *Pick.* 324.

But we wish to place our decision of this question, upon broader principles; principles which we believe have received the sanction of the common law in its earliest ages. Before the statute of *Marlbridge,* which was passed in the 52nd year of *Hen.* 3., no costs were recoverable in civil actions. This statute, and others subsequently enacted, gave costs to successful defendants, as it is said, by way of damages against the plaintiff, *pro falso clamore.* Whatever might have been true when the several statutes giving costs, were enacted, we cannot, at this day, shut our eyes to the truth known by every body, that taxable costs afford a very partial and inadequate remuneration for the necessary expenses of defending an unfounded suit; and of course, this remedy is not adequate to repair the injury thus received; and the common law declares, that for every injury there is a remedy. Before the statutes entitling defendants to costs, existed, they had a remedy at common law, for injuries sustained by reason of suits which were malicious and without probable cause. *Co. Litt.* 161. *a.* 3 *Lev.* 210. 2 *Wils.* 305. *Styles,* 379. *Hob.* 266. 4 *Mod.* 13. 3 *Chitt. Bla.* 125. And this principle is, and ought to be, operative still, in all cases where the taxation of costs is not an ample remedy. *Saville* v. *Roberts,* 12 *Mod.* 208. S. C. 1 *Salk.* 14. It is upon this principle, in part at least, that actions have ever been sustained for malicious criminal prosecutions, in which no costs are taxed in favour of the accused. 1 *Salk.* 14. 10 *Mod.* 148. *Smith* v. *Hixon,* 2 *Stra.* 977. So also, if two or more conspire to vex and harass any person with groundless and malicious civil suits, they were not only punishable *criminaliter,* but liable to a civil action. *Staundford P. C.* 172. 2 *Inst.* 562. *Co. Litt.* 161. *a.*

In *Watson* v. *Freeman, Hob.* 205., and cited in *Esp. Dig.* 527., it is said, that " if a man sue me in a civil suit, yet if his

suit be utterly without ground, and that certainly known to himself, I may have an action against him for the damages he putteth me unto, by his ill practice."

Indeed, the principle upon which the second count in this declaration is sustainable, aside from the averment that the plaintiff's property was attached, is the same which sanctions the well known and frequent actions for malicious prosecutions, and furnishes remedies by actions on the case for the abuse of legal process. 2 *Saund. Pl. & Ev.* 651. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700. *Swift* v. *Chamberlain,* 3 *Conn. Rep.* 537. *Watson* v. *Watson,* 9 *Conn. Rep.* 141. And we may say, as applicable to the claim of the plaintiff under this count, in the language of a learned writer on the subject : "Whatever engines of the law malice may employ to compass its evil designs against innocent and unoffending persons, whether in the shape of indictment or information, which charge a party with crimes injurious to his fame and reputation, and tend to deprive him of his liberty ; or whether such malice is evidenced by malicious arrests, or by exhibiting groundless accusations, merely with a view *to occasion expense* to the party who is under the necessity of defending himself against them, the action on the case affords an adequate remedy to the party injured." 2 *Selw. N. P.* 1054. Or we may say with *Bayley,* J., in the case of *Elsee* v. *Smith,* 2 *Chitt. Rep.* 304. (18 *Serg. & Lowb.* 344.) "If a party falsely and maliciously, and without probable cause, put the law in motion, that is properly a subject of an action on the case."

We think, therefore, upon the fundamental principles and analogies of the common law, that the second count in this declaration is good.

But notwithstanding each count in this declaration, separately considered, is good, yet we are of opinion, that these counts could not, by law, be joined in one declaration ; that there is here a misjoinder of actions ; and that for this cause alone, the declaration is insufficient.

The general rule on this subject, or the rule controuling the greatest class of cases, probably is, that causes of action, which, at common law, require the same judgment and the same general issue, may be joined in several counts in one declaration. But to this rule there are many exceptions. Therefore, actions of debt on bond, and covenant broken, cannot be joined,

although the general issue of *non est factum*, and the common law judgment of *misericordia*, are common to both. Neither can actions of account or replevin, or an action on book, in this state, be joined with any other cause of action. And the reason is, that the forms of proceeding in some, as well as the essential nature and forms of the judgment in others of these actions, are different from the forms of proceeding and judgments in all other cases. 1 *Chitt. Pl.* 196. *Gould's Pl.* 215. 216. 12 *Petersd. Abr.* 646. 649.

The first count in this declaration is founded upon the statute to prevent vexatious suits; and the plaintiff, by virtue of that statute, demands to recover treble damages. And the second count is at common law, on which single damages only are recoverable. If a general verdict be given for the plaintiff, upon this declaration, or a judgment by default be rendered, is the court to assess single, or double damages? The law requires a judgment upon one of these counts, to be essentially different from the judgment to be rendered upon the other.

This defect is incurably fatal, and would have been so, even after verdict. 1 *Chitt. Pl.* 206. *Gould's Pl.* 219. *Brigden* v. *Parks* & al. 2 *Bos. & Pull.* 424.

It was contended, that this defect was cured, by plea and judgment. The plea was the general issue, and the judgment was rendered upon default. It is certain, that if a verdict, in this case, would not have cured this defect, a plea could not. But a plea, to cure a defect in the proceedings, must be such a plea as by legal intendment at least, admits the facts, the omission of which, causes the defects complained of. But in this case, the general issue admitted nothing; it denied every thing. 1 *Chitt. Pl.* 400. 1 *Sw. Dig.* 778.

And a judgment by default, cures no other defects than those of form. *Gould's Pl.* 505.

We therefore advise, that the judgment of the county court, in this case, be reversed.

In this opinion the other Judges concurred.

Judgment to be reversed.