## WOODS *v.* DAVIS.

A ministerial officer is protected in the service of process unless he shall act maliciously, if the process be regular on its face and do not disclose a want of jurisdiction, whenever there is jurisdiction of the subject matter; and trespass will not lie for an act done under process, valid on its face, regularly issuing from a court of competent jurisdiction.

The arrest upon regular process of a person privileged from arrest, forms no exception to the general rule.

By the statute of New-Hampshire, collectors of taxes, in executing the warrants to them directed for the collection of taxes, are vested with the powers of constables in the service of process.

Trespass will not lie against a collector, who, by virtue of a legal warrant to him directed, arrests a legal voter on the day of election for the non-payment of his tax, although such voter be exempted by statute from arrest on such day.

Exemption from arrest, whether existing at common law or by statute, is a personal privilege, and may be waived by the party entitled to it.

TRESPASS, assault and battery, and false imprisonment.

The plaintiff, at the time of the annual March meeting of the town of Henniker, was an inhabitant of said town and entitled to vote therein.

The defendant was the collector of taxes, and had a tax on his list against said plaintiff, which he had duly demanded, but which had not been paid, and which the defendant had a legal warrant to collect. On Wednesday, the second day of said March meeting, the defendant arrested the plaintiff by virtue of said warrant, and for the non-payment of said tax, in the entry of the building in which the town meeting was holden, and detained him about one hour and a half, until said tax was paid by the friends of the plaintiff. During said time said plaintiff was so detained, the citizens of said town were voting and transacting the business of said town. Nothing was said by the parties during said time the plaintiff was detained, about said plaintiff's voting, and a friend of said plaintiff was sent for by the defendant, at the said plaintiff's request, and after consulting with the plaintiff, said friend paid said tax, at the request of said plaintiff.

If the court are of the opinion that this action can be main-

tained upon the above statement of facts, it is agreed that judgment shall be rendered for the plaintiff for two dollars, and his costs ; otherwise, for the defendant to recover cost.

*J. F. Briggs*, for the plaintiff, contended that exemption from arrest extended to all civil ·process ; that the collection of taxes was civil process, and that trespass was the proper remedy for arrest upon a day where by law the plaintiff was exempted therefrom. He cited Rev. Stat., chap. 185, sec. 2 ; chap. 45, secs. 1 and 11 ; Salkeld 78 ; 1 Tidd's Practice 189 ; *Pearce* v. *Atwood*, 13 Mass. 324 ; *Swann* v. *Broome*, 3 Burrows 1595 ; *Van Vetchen* v. *Paddock*, 12 Johns. 173 ; *Hubbard* v. *Sanborn*, 2 N. H. 468.

*Flint & Bryant*, for the defendant, maintained that exemption from arrest was not intended to be extended to the collection of taxes, and cited Comp. Stat., chap. 48, secs. 10 and 11 ; that trespass would not lie for the arrest of a privileged person on regular process, and that if the plaintiff were exempted from arrest it was a personal privilege, which was waived under the circumstances stated in the agreed case. They cited *Secoe* v. *Bell*, 18 Johns. 52 ; *Sperry* v. *Willard*, 1 Wend. 32 ; *Cameron* v. *Lightfoot*, 2 Wm. Blackstone 1190 ; *Tarleton* v. *Fisher*, 2 Day 671 ; *Hubbard* v. *Sanborn*, 2 N. H. 468 ; *Exparte M'Neil*, 6 Mass. 245 ; 3 Mass. 288 ; Bacon's Ab., Privilege, 65 ; 5 Iredell 331 ; 5 Vt. 588 ; 11 Mass. 11–14 ; 8 Wheaton 699.

FOWLER, J. By the second section of the 185th chapter of the Rev. Stat. of this State, it is provided that " no person entitled to vote at any town meeting shall be liable to arrest upon any civil process on the day on which such meeting is held ;" and the only question raised by the case before us is, whether trespass will lie against a collector, who, on the day of a town meeting, arrests a legal voter thereat, for the non-payment of his taxes.

It is a general principle, well established, that a ministerial

officer is protected in the execution of process, whenever there is jurisdiction of the subject matter, unless he shall act maliciously, if the process is regular on its face and does not disclose the want of jurisdiction; and trespass will not lie for an act done under process valid on its face, regularly issuing from a court of competent jurisdiction. *Saracool* v. *Boughton,* 5 Wendell 170; *Parker* v. *Walrood,* 16 Wendell 514; *Nichols* v. *Thomas,* 4 Mass. 232; *Pierson* v. *Gale,* 8 Vt. 512; *Bank* v. *Stubbs,* 6 Mass. 422; *Ludington* v. *Peck,* 2 Conn. 700; *Warner* v. *Shedd,* 10 Johns. 138; *Keniston* v. *Little,* 10 Foster 318; *Blanchard* v. *Goss,* 2 N. H. 491.

Nor does the arrest of a privileged person upon regular process form any exception to the general rule.

In *Tarleton* v. *Fisher & als.,* 2 Douglass 671, it was held that a sheriff or his officer was not liable to an action for trespass and false imprisonment for arresting a certificated bankrupt, a peer, or a discharged insolvent, although the party in such cases were privileged from arrest. *Buller,* J., in delivering his opinion says: "The general law as to sheriffs is, that if a sheriff has acted in obedience to the mandate of the court, he is excused. If he arrest a peer, the writ is erroneous, yet he is not a trespasser for executing it. In trespass, the defendant must show an excuse, and that he does by producing the writ."

In *Cronley* v. *Shaw,* 2 Wm. Black. 1085, it was held that trespass did not lie against an officer for arresting upon a writ an attorney of the court from which it issued, who was by law privileged from arrest. *Gould,* J., in delivering his opinion says: "The sheriff cannot take notice of privilege, and therefore it must be pleaded."

In *Blanchard* v. *Goss,* 2 N. H. 491, where the distinction between erroneous and irregular process is considerably discussed, it was decided that trespass would not lie against the defendant for causing the plaintiff to be arrested on a writ wherein less than $13.33 debt was claimed, the writ not having been quashed, although the plaintiff could not legally be arrested upon such writ.

Woods *v.* Davis.

In *Cameron* v. *Lightfoot*, 2 Wm. Blackstone, 1190, it was held that trespass did not lie against an officer for arresting one who was at the time privileged from arrest, being returning from attendance upon court. *De Grey*, C. J., says : In none of the books is there any intimation of an action of trespass being maintainable for such an arrest. So with regard to persons privileged on other accounts. A priest performing divine service cannot be arrested by statute ; 50 Edward 3, ch. 5, and 1 Richard 2, ch. 16 ; but no action of trespass was ever brought for such arrest.

" So bankrupts, when certificated, soldiers, to a certain degree, and many other individuals, are privileged from arrest by acts of Parliament. But though in many cases the process is declared void, yet in none has any instance been produced of an action of false imprisonment being brought. Much less will it lie in the present case, where the writ is not void, nor the arrest illegal, but only improperly timed."

In *Kimball and Wife* v. *Moloney*, 3 N. H. 378, the court say : " Admitting that married ladies are privileged from arrest on mesne process, it is very clear that trespass does not lie in such case."

In *Belk* v. *Broadbent*, 3 Term R. 183, Ld. *Mansfield* observed : " It is incomprehensible to say that a person shall be considered a trespasser who acts under the process of this court."

In *Sherwood* v. *Benson*, 4 Taunton 631, the court refused to stay proceedings in an action for the escape of a certificated bankrupt taken in execution, released by the sheriff on the production of his certificate.

In *Green* v. *Edson*, 2 N. H. 294, the court, while recognizing the doctrine that the officer was not bound to regard the privilege of exemption from arrest, and therefore not liable in trespass for arresting a privileged person, yet held that he was not liable for an escape for letting such privileged person depart after having arrested him, if satisfied of the privilege, and willing to incur the risk of it.

In *Ray & als.* v. *Hogeborne*, 11 Johns. 433, the court recog-

nize the same doctrine in relation to an escape, remarking that the constable was not bound to notice the fact that trover was protected from arrest, but if he chooses to notice it, or neglects to take a person privileged, and can show that he is so privileged, it is a good defence in an action against him. And, although there are many conflicting decisions, it seems to be the better established doctrine, that although the officer is not liable in trespass for arresting a privileged person, he is not liable for not arresting such person, and, having arrested him, is not liable for permitting him to escape, if, in either case, he chooses to regard the privilege, and is willing to incur the responsibility of its proving to be valid and effectual.

In *Hubbard* v. *Sanborn*, 2 N. H. 468, it was held that although the sheriff was bound to take notice of the Sabbath, as a day *non juridicus*, on which no arrest on civil process could lawfully be made, he was not bound to take notice of an individual's exemption from arrest on another day, and that trespass did not lie against a sheriff for arresting an exempted person. That case was similar to the present, being where a legal voter was arrested on the day of election in the town where he was entitled to vote.

There are numerous other decisions to the same effect with those to which we have referred, on this question of privilege, and they all seem to be based on the principle, that, where the process is regular and effective, the sheriff is not bound to take notice of a claim of privilege from arrest which is personal to the party, inasmuch as he is not vested with authority to judge and determine the validity of the claim, which may properly be contested. The process justifies him in making the arrest, so far as being a trespasser is concerned, and the party claiming the exemption must avail himself of it before a tribunal competent to determine its validity. This may be done by a motion to the court to quash or to discharge, in the case of returnable process, and where the process is not returnable, by an application for relief to some tribunal having jurisdiction to afford it.

If, then, a sheriff or other officer, arresting a privileged per-

son, be not liable in trespass, does a collector of taxes stand in the same position ?   It seems to us there can be no difference in this respect.

By the statute it is expressly provided that every collector, in the collection of taxes committed to him to collect, and in the service of his warrant, shall have the powers by law vested in constables in the service of civil process, which shall continue until all the taxes in his list are collected ; and for want of goods and chattels whereon to make distress he is authorized to take the body of any person neglecting or refusing to pay the tax assessed against him, and commit him ⟨to the common jail. Comp. Stat. 124, 125.

The case finds that the defendant was collector, had a tax on his list against the plaintiff, payment of which had been demanded and refused, and a legal warrant for the collection of said tax.   It further finds that, by virtue of that warrant and for the non-payment of that tax, the defendant arrested the plaintiff on the second day of the annual town meeting, at which the plaintiff was entitled to vote, at the place of meeting, but without the plaintiff's claiming his exemption from arrest, or saying anything about his right to vote.

Under these circumstances, can the present action of trespass be maintained ?   We are clear that it cannot.   The legal warrant under which the defendant acted was manifestly sufficient to excuse him from any breach of the peace.   It was in full force, and commanded the defendant, for the want of goods and chattels whereon to make distress, to arrest the plaintiff for the non-payment of his tax.   The defendant acted under valid process, and was under no obligation to take notice of the plaintiff's privilege, had it been claimed.   The validity of that privilege depended on the questions, whether the day of arrest was a legal adjournment of a legal annual meeting, and whether the plaintiff was a legal voter at such meeting, and the adjournment thereof.   These questions the collector was not bound or qualified to adjudicate and determine.

Besides, it is well settled that an exemption from arrest,

whether existing at common law or by statute, is a personal privilege, and may be waived by the party entitled to it. *Wood* v. *Kinsman & al.*, 5 Vt. 588 ; *Brown* v. *Getchell & al.*, 11 Mass. 11 ; 4 Dallas 107 ; 3 Johns. Cases 84 ; 3 Mass. 193 ; *Cable* v. *Cooper*, 15 Johns. 152 ; 14 Mass. 443 ; 3 Conn. 537.

The case finds that nothing was said by the parties about the plaintiff's voting or his right to vote, and that the defendant, at the plaintiff's request, sent for a friend of the plaintiff, who, after consultation with the plaintiff, paid the tax at his request. It does not find that the plaintiff objected on the ground of his privilege as a voter, or that he made any claim of exemption from arrest on that account. It might well be doubted whether, under these circumstances, the plaintiff should not be considered as having waived his privilege and submitted himself voluntarily to the custody of the collector. A waiver and voluntary submission we think might fairly be presumed, there being no allegation to the contrary in the statement of facts agreed upon by the parties. If there were such waiver, the plaintiff could not afterwards object to the imprisonment as unlawful, if he might otherwise have done so.

As we are of opinion that an action of trespass cannot be maintained by the plaintiff under the circumstances of this case, according to the agreement of the parties there must be

*Judgment for the defendant.*