### DEENS vs. DUNKLIN.

[ACTION ON PROMISSORY NOTE GIVEN FOR HIRE OF SLAVES.]

1. *Rescission of contract of hiring.*—The recovery of a judgment in trover, by the owner against the hirer, for the conversion of a hired slave during the term, together with satisfaction thereof, establishes a rescission of the contract, and estops the plaintiff from afterwards maintaining an action on the note given for the hire ; but the mere institution of an action of trover has no such effect, when the action is shown to have been successfully defended on the merits.

2. *Recoupment of damages.*—Expenses, necessarily incurred by the hirer, in the successful defense of an action of trover, instituted against him by the owner, for the alleged conversion of the slave during the term, cannot be recouped in a subsequent action on the note given for the hire.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. NAT. COOK.

THIS action was brought by Sarah K. Deens, against W. A. T. Dunklin and J. R. Hartley; was commenced on the 28th October, 1857; and was founded on the defendants' promissory note for $300, dated December 22d, 1854, payable on or before the 1st January, 1856, to the plaintiff or bearer, and purporting on its face to have been given for the hire of two slaves, Abe and Jake, for the year 1855. The pleas were, " 1st,.the general issue ; 2d, former judgment; 3d, former recovery; 4th, payment; 5th, set-off; 6th, tender; and, 7th, fraud;" all of which were pleaded " in short by consent." The cause was tried on an agreed statement of facts, which was as follows:

" The note sued on was given to the plaintiff for the hire of two slaves, Abe and Jake, for the year 1855; the services of each being valued at $150. The sum of $151 was paid on said note, on the 2d February, 1856; which was the price agreed on for the hire of Jake, together with the interest thereon; and this is the only payment ever made on said note. The said slaves were hired to cut logs, and to work about a steam saw-mill in Covington county, belonging to the defendants. ⋅ About one month after they were hired, and had begun to work at said mill, the boy Abe was killed by the machinery of said mill. Some time during the year 1855, and before said note fell due, the defendants tendered to the plaintiff in specie the tull amount of the hire of Abe for the year 1855, to-wit, the entire amount of the note sued on so far as the hire of Abe constituted the consideration thereof, being the whole of it except that part paid and credited as aforesaid; but the plaintiff refused to receive any part of it. The defendants again tendered to the plaintiff in specie, at the time of the payment of said

$151, the whole amount due on said note, with the interest thereon; but the plaintiff refused to receive any part of it, except the $151 for the hire of Jake as aforesaid. The plaintiff then brought an action of trover against the defendants, in the circuit court of Covington, to recover the value of Abe, who had been killed as aforesaid; alleging that said negro had been killed by defendants' wrongful act, while hired to them as aforesaid; and prosecuted said suit to a final trial on the merits, which resulted in a verdict for the defendants, at the spring term of said court, 1857. Upon said trial, the issue between the parties was, whether said slave was killed by the defendants' wrongful act; and upon this issue the jury returned a verdict for the defendants, as above stated. In order to defend themselves against said suit, the defendants were compelled to employ counsel, at a heavy expense; and they were thus forced to pay out, for attorneys' fees and other necessary expenses, the sum of $200, which they never would have had to pay but in consequence of the plaintiff's refusal to receive said money when tendered, and prosecuting said action of trover against them. The defendants never refused, but were always ready and willing, to pay the whole balance due on said note, with the interest thereon, until after the plaintiff had prosecuted said action of trover against them to a final hearing; after which, to-wit, on the 1st October, 1857, the plaintiff demanded of them the balance due on said note, and they refused to pay the same, and still refuse to do so. This suit was brought to recover the balance due on said note, being the hire of Abe, with interest thereon, and for no other demand."

"This being all the evidence in the cause, the court charged the jury, that if they believed the evidence, the plaintiff could not recover anything in this action, except the hire of Jake from the 1st January, 1855, up to the time when he was killed; to which charge the plaintiff excepted," and which she now assigns as error.

D. W. BAINE, for the appellant.

JNO. K. HENRY, contra.

STONE, J.—The vice of the argument made for the appellee consists in the fact, that it assumes that the plaintiff had the right to rescind the contract of hiring at her own election. If the hirer had violated the terms of the contract of hiring, then the owner would be armed with power, at her election, to treat the contract as rescinded, and to sue in trover as for a conversion. See Mosely v. Wilkinson, 24 Ala. 411; Hall v. Goodson, 32 Ala. 277. If, however, the hirer had not violated his contract, the owner had no right to rescind the contract, without the consent and concurrence of the hirer.

The suit by the plaintiff, to recover the value of her slave, did not and could not operate a rescission of the contract. It was, at most, a declaration of hers, evidenced by her suit, that she considered the contract broken by the hirer, and that she elected for that breach to rescind. The verdict and judgment negatived the existence of the breach, and affirmed the continuing obligation of the contract. These facts do not furnish the elements of an estoppel in this suit.

Neither is there anything in the circumstances attending the former suit, or the expenses to which the defendants were thereby put, which gave to them a cause of action, or right to recoup the damages in this case. Conceding that her claim was unfounded, there is no evidence that she was influenced by malicious motives. Luddington v. Peck, 2 Conn. 700.

If the plaintiff had recovered in the former suit, that recovery and satisfaction of the judgment would have established the rescission of the contract, and would have estopped the plaintiff from afterwards asserting its continuing efficacy.—Smith v. Hooks, 19 Ala. 101. The present case rests on a different principle.

Judgment of the circuit court reversed, and cause remanded.